No. 10,293.

## FRENZEL v. BRADBURY.

From the Marion Circuit Court.

*U. J. Hammond,* for appellant.

*S. M. Bruce,* for appellee.

HAMMOND, J.—Action by the appellee against the appellant for services in and about the purchase of certain real estate. The case was tried by the court, with a finding and judgment for the appellee.

The only question in the case is whether the evidence is sufficient to sustain the decision of the court. We have examined the evidence carefully. Upon the material points in issue, there was no evidence except that of the parties. The testimony of the appellee fully and explicitly makes out his case. He claims that by the contract between him and the appellant, he was to receive $250 for his services, to be paid by the appellant in the event he secured from the owner an agreement to sell the property for a certain price. This he did by obtaining from the owner a deed with the name of the grantee left blank, to be inserted as appellant should desire, and delivered on payment of the purchase-money. The appellant, it seems, was acting for himself and others, as members of a society, and after making an effort, by subscription, failed to raise the money, and the purchase was not consummated. The appellant claims that the appellee was to be paid by the society for whom he was acting, and only in the event that the purchase-money was raised and the transaction completed. As the evidence comes to us in the record, both parties appear to have been candid, and doubtless the discrepancy in their testimony arises from the infirmity of the memory of one of them, rather than from any purpose to evade the truth. But as the evidence of the appellee supports the finding of the court, we can not, as has often been decided by this court, weigh the evidence to determine which of the parties was correct. That was the duty of the trial court, and the rules of this court require us to presume that the duty was rightly discharged. 1 Works Pr., section 914.

Judgment affirmed, at appellant's costs.

Filed Nov. 6, 1883. Petition for a rehearing overruled June 28, 1884.