No. 11,480.

BERKSHIRE   LIFE   INSURANCE   COMPANY . *v.*   HUTCHINGS
ET AL.

MORTGAGE.—*Assumption by Grantee of Mortgage·Debt.*—*Acceptance by Mort-
gagee.*—*Rescission of Contract of Sale.*—*Foreclosure.*—*Personal Judgment.*—
Where A., the grantee of B., agrees to pay B.'s mortgage debt to C. as
part of the purchase-money of land, A. does not thereby become the
debtor of C., but there must be some act of adoption by C. to entitle
him to the benefit of A.'s contract; and if, before such adoption, A. and
B. rescind their contract, there is nothing left for C. except his original
claim against B., and in a suit to foreclose his mortgage he is not en-
titled to a personal judgment against A.

SAME.—*Notice of Acceptance.*—*Practice.*—The question as to whether C. gave
notice of his acceptance of A.'s assumption and agreement to pay the
mortgage debt is one of fact, and the finding of the trial court will not
be disturbed on the weight of the evidence.

From the Marion Superior Court.

*M. B. Williams* and *W. Henderson,* for appellant.

BICKNELL, C. C.—The facts in this case are fully stated
in *Talburt* v. *Berkshire Life Ins. Co.,* 80 Ind. 434. In that
case a judgment of said court in favor of the present appel-
lant was reversed on an appeal by Talburt, because said court,
in its special finding, had left undetermined one of the issues
which said appellant was bound to prove, in order to recover
a personal judgment against Talburt.

The complaint seeks to foreclose a mortgage executed to
the plaintiff by Hutchings, and it demands a personal judg-
ment against him on the notes, and a like judgment against
Talburt, because he, as purchaser of the mortgaged premises,
agreed with Hutchings to pay the mortgage debt as part of
the purchase-money.

On the former hearing, this court held that when a mort-
gagor sells and conveys the mortgaged premises, and his
grantee assumes the payment of the mortgage debt, the mort-
gagee, in a foreclosure suit, can not recover a personal judg-
ment against such grantee, unless she has accepted him as
her debtor. Prior to such acceptance, the mortgagor, orig-

inally the principal debtor, can not by such agreement of his grantee, be discharged, nor can he be made a mere surety for his grantee, without the assent of the mortgagee, but after such acceptance the grantee becomes the principal debtor, and the mortgagor is either absolutely discharged or remains liable as surety for his grantee, according to the agreement of all the parties. While the relations of such mortgagor and grantee remain unchanged, the institution of a suit against them by the mortgagee sufficiently indicates such acceptance, but if in the meantime, and before any acceptance, the relations between such mortgagor and grantee have been terminated by a *bona fide* rescission of their contract, the case becomes the same as if no such contract ever existed, and the right of the mortgagee as against such former grantee no longer exists.

If A., for a sufficient consideration, agrees with B. to pay B.'s debt to C., A. does not thereby become the debtor of C. It requires some act of adoption by C. to entitle him to the benefit of A.'s contract, and if before such adoption A. and B. rescind their contract, there is nothing left for C. except his original claim against B. *Davis* v. *Calloway*, 30 Ind. 112; *Miller* v. *Billingsly*, 41 Ind. 489; *Durham* v. *Bischof*, 47 Ind. 211; 2 Story Eq. Jur., section 973, n. 2; *Kelly* v. *Roberts*, 40 N. Y. 432; 1 Jones Mort., sections 763, 764; *Carnahan* v. *Tousey*, 93 Ind. 561.

The superior court, in special term, on a new trial, found for the defendant Talburt, who was the only party defending. At the request of the parties, the court made a special finding of the facts and stated conclusions of law thereon. There was no exception to the conclusions of law. The plaintiff moved for a new trial. This motion was overruled, and judgment was rendered on the finding. The plaintiff appealed to the court in general term. There the judgment was affirmed. The plaintiff appealed to this court.

The first error discussed by the appellant in its brief is, that

the court in special term erred in overruling the appellant's demurrer to the first paragraph of the defendant Talburt's answer.

This paragraph of answer was pleaded to so much of said complaint as sought a personal judgment against Talburt. After admitting the principal allegations of the complaint, it alleges that after the execution of the deed from Hutchings, and before the defendant discovered that lots 117 and 118 had been conveyed to him instead of lots 217 and 218 which he had bought, he paid $150 for the purpose of keeping down the interest which he supposed was on the lots so conveyed to him, but that the plaintiff never claimed of the defendant that he had agreed to pay said $3,000 and interest, and never notified him that the plaintiff accepted his supposed promise to pay said debt; and that in the meantime, after the execution of said deed, and before the discovery of said mistake, judgments had been obtained against said Hutchings for an amount far exceeding the value of said lots, and he had become totally insolvent, and unable to make a good title to said lots 217 and 218, and that in consideration thereof said Talburt and Hutchings rescinded said contract for the sale of said lots, said Talburt agreeing that said Hutchings might retain all moneys paid by Talburt to him, and agreeing to give up all right of action against Hutchings on his covenants in said deed, and said Hutchings releasing said Talburt from his agreement to pay said mortgage debt. The answer also states that said Talburt never had possession of said lots 217 and 218.

Under the authorities above referred to, this was a good answer to a complaint seeking a personal judgment against Talburt.

In *Carnahan* v. *Tousey, supra,* this court said: " If the party, for whose benefit a contract is made, neglects to give notice of his acceptance of it, he incurs the peril of its abrogation, and if, without having given such notice, he brings an action, he may be defeated by the plea and proof of a rescission, accomplished before the service of the summons,

just as he may be defeated, if he does give notice, by proof of a rescission before the notice was served."

The consequences of a want of notice of acceptance would not be obviated by the fact that prior to the discovery of the mistake in his deed, Hutchings became insolvent and unable to make title to the lots sold. Such a fact would add nothing to the rights of the insurance company, although it might explain Talburt's desire to rescind the contract. The court in special term did not err in overruling the appellant's demurrer to the first paragraph of the appellee Talburt's answer.

The only reasons for a new trial, discussed in the appellant's brief, are, that the findings and decision of the court in special term are not sustained by sufficient evidence and are contrary to law.

These objections are discussed by the appellant with exclusive reference to finding No. 17, which is as follows:

"17. The plaintiff did not, prior to the date of said rescission between said Hutchings and Talburt, notify said Talburt that it, the plaintiff, had accepted said Talburt's assumption and agreement to pay the said mortgage debt."

Upon this point Talburt testified as follows:

Question. "State whether or not you at any time before the rescission received any notice from the Berkshire Life Insurance Company that they accepted your assumption and agreement to pay that debt?" Answer. "I never did."

Question. "State whether you ever received such a notice at any time?" Answer. "I never had any transaction with them (the Berkshire Company) until this suit was instituted; I did not know Mr. Henderson, and I had nothing to do with any one except Mr. Hutchings; it was between him and me."

The appellant claims that the following evidence overcomes this positive denial of Talburt, and shows that there was an acceptance by the plaintiff of Talburt's obligation, and that he was duly notified of such acceptance before the rescission.

It appeared in evidence that Hutchings had told Talburt that the interest was to be paid at the Bank of Commerce at

Indianapolis, and that Talburt had paid four of the coupon notes for interest, and that he always got a notice of the maturity of each of these four notes from the teller or cashier, or some officer of said bank, and then remitted by draft.

These notices were in the following form:

"J. D. Hutchings: Your note for $150 will be due at this bank November 14th, 1876.    A. JAMESON, Cashier."

It appeared also that William Henderson, the agent of the appellant, was the president of the Bank of Commerce, and that A. Jameson was cashier of said bank, and that Talburt received the following letter:

"I return your check on First National Bank. The note you have to pay is payable in exchange on New York. Please get from your bank a draft on New York and remit it to us by first mail. (Signed) WILLIAM HENDERSON, Pres."

Which letter Talburt answered as follows:

"*Alexander C. Jameson.    November 13th,* 1876:

"DEAR SIR: Enclosed please find New York draft for one hundred and fifty dollars in payment of J. D. Hutchings' note, due 12th to 14th. You should have deposited my check and had your bank furnish you exchange since the note is payable in Indianapolis.    Yours, truly,

"C. W. TALBURT."

Here was a question of fact to be determined by the court. The court trying the cause having found that there was no notice of the acceptance by the insurance company of Talburt's obligation, and there being evidence tending to support the finding, this court can not disturb it upon an alleged proponderance of evidence against it. *Western U. Tel. Co.* v. *Kilpatrick,* 97 Ind. 42; *Robinson* v. *Snyder,* 97 Ind. 56; *Frenzel* v. *Bradbury,* 97 Ind. 603.

We can not say that the finding and decision of the court are not sustained by the evidence or are contrary to law.

The superior court in general term did not err in affirming the judgment of the court in special term.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed March 12, 1885.