L. C. HILL v. H. C. HOELDTKE ET AL.

Decided February 25, 1909.

**Purchase Money Note—Assumption by Subsequent Purchaser—Rescission—Fraud.**

A purchaser of land who had assumed the payment of a note given for purchase money thereof by a previous owner, but who, before acceptance of such liability by the holder of the assumed note or any impairment of his security by such transaction, agrees with his vendor to a rescission of their contract and return of the land, was entitled to plead such rescission in avoidance of the personal liability to the holder of the note contracted by him in assuming its payment. So, also, if his contract assuming payment of the note was induced by fraud of his vendor, he may, if he acts before the holder of the note has accepted his undertaking or the security of such holder has been altered or impaired by his assumption of it, rescind the contract with his vendor by reason of such fraud, tender back the property, and plead such facts in avoidance of his personal liability to the holder of the note incurred by assuming its payment.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*McGrady & McMahon,* for appellant.—McCleary having bought land and executed a vendor's lien note to plaintiff therefor, then sold the land to Hill, who verbally assumed payment of the note, Hill can avoid personal liability to plaintiff on the note by tendering back the land and showing that he was induced to accept the conveyance and assume the note through the fraud of McCleary in falsely representing that the land was free of other liens. Heath v. Coreth, 11 Texas Civ. App., 91, 27 Cyc., 1347; Drury v. Hayden, 111 U. S., 223; Keller v. Ashford, 133 U. S., 610; Bull v. Titsworth, 29 N. J. Eq., 73; Loeb v. Willis, 100 N. Y., 231.

Where Hill had assumed to pay a mortgage against the land held by plaintiff as a consideration of the conveyance of the land to Hill by McCleary, and afterwards Hill and McCleary in good faith rescinded such trade and Hill reconveyed said land to McCleary, who assumed to pay such mortgage and released Hill therefrom before plaintiff had accepted or become a party to Hill's promise, plaintiff can't hold Hill liable for the debt. Morrison v. Barry, 10 Texas Civ. App., 22; Huffman v. Western, etc. Co., 13 Texas Civ. App., 169; Davis v. Calloway, 95 Am. Dec., 671: Gilbert v. Sanderson, 41 Am. Rep., 103.

*J. W. Gross* and *G. W. Wells,* for appellees.—Hill having assumed the payment of notes with vendor's liens against the land as a part of the consideration expressed in writing in the deed, and retained in his possession the amount of such indebtedness out of the consideration, he thereby became personally liable to appellees Hoeldtke and Leach, the holders of the assumed indebtedness; and the said appellees having accepted him as the principal obligor he can not avoid personal liability by reconveyance of the land or a rescission of the trade between himself and McCleary. Keller v. Ashford, 133 U. S., 610; Morris v. Gaines, 82 Texas, 255; Mays v. Sanders, 36 S. W., 108; Ward v. Green, 28 S. W., 574; Spann v. Cohran, 63 Texas, 240; Smith v. Loan & Trust Co., 51 S. W., 515; 27 Cyc., 1344, 1345, 1346, 1438, 1349, 1353, 1354, 1360.

No formal acceptance or ratification of the purchaser's assumption of the mortgage debt is necessary on the part of the mortgagee or lienholder, but any act manifesting such acceptance or ratification is sufficient. The demanding payment of past due interest, or the bringing of suit against such purchaser for foreclosure of the lien and seeking a personal judgment against him is sufficient acceptance. Same authorities; also 27 Cyc., 1346.

The appellee Hoeldtke holds the superior title to the land by virtue of the transfer to him of such title by the original vendor, and no rescission or reconveyance of the title to said property could be effected by one holding in subordination to his rights without his consent, and in prejudice of his rights. Appellee Hoeldtke had a right to rely upon Hill's assumption and promise to pay the debt due him, even though said appellee was not a party to the contract, and appel-

lant Hill could not relieve himself of such personal liability by an offer to surrender the land and asking a rescission of the original contract between himself and McCleary. The same is also true of appellee Leach. White v. Cole, 87 Texas, 500; 27 Cyc., 1344, 1345, 1346; Douglass v. Blount, 95 Texas, 369; Morrison v. Barry, 10 Texas Civ. App., 22. See also authorities under first proposition.

LEVY, ASSOCIATE JUSTICE.—Defendant in error Hoeldtke sued Horstman, McLeary, Leach and plaintiff in error upon a note and to foreclose a vendor's lien on land. The petition claimed that defendant McLeary had bought the land in question from defendant Horstman, and as a part of the consideration assumed the payment of the note sued on by plaintiff and held by plaintiff against the land, and then sold the land to the plaintiff in error, Hill, who, as a part of the consideration, assumed the payment of the note held by plaintiff. The same facts were alleged as to the note held by Leach in suit.

The plaintiff in error by his answer pleaded in defense of the cause of action against him that on October 17, 1906, B. S. McLeary, acting in the name of his wife, L. T. McLeary, made a trade with plaintiff in error whereby the plaintiff in error sold to McLeary a stock of goods and fixtures, in consideration of which McLeary executed to Hill two notes and a mortgage on the fixtures and a deed to the land in question, plaintiff in error assuming to pay the note sued on by defendant in error Hoeldtke and the note sued on by Leach, and said deed retaining the vendor's lien to secure payment of the said notes; that McLeary took charge of the goods and fixtures and ran the store till July 11, 1907, at which time said notes and the rents past due amounted to $512, which McLeary owed plaintiff in error, and they made another trade by which McLeary sold and delivered to Hill the stock of goods and fixtures in payment of said $512, and that McLeary took back the land he had deeded to plaintiff in error and released plaintiff in error from the payment of said two vendor's lien notes against it, and McLeary assumed their payment, and McLeary also promised to pay Hill $307.50 due October 1, 1908, as a balance owing by McLeary to plaintiff in error in this trade, and plaintiff in error executed a deed to McLeary for the land in accordance with said trade, and at the time of this trade, July 11, 1907, neither defendant in error Hoeldtke nor Leach had accepted the promise of plaintiff in error to pay said land notes as contained in the assumption thereof in the deed from McLeary to plaintiff in error of October 17, 1906, nor did plaintiff in error ever pay anything on said land notes nor take possession of the land nor promise the holders to pay them nor in any way injure the rights or securities of the holders; that in the trade of July 11, 1907, the consideration received by plaintiff in error was less in value than the amount McLeary owed plaintiff in error as settled in that trade. Plaintiff in error also alleged that if the trade of July 11, 1907, was not completely executed, still it was a binding contract upon a valuable consideration, and he had tendered performance upon his part and had taken possession of the property he got in the trade; and alleged facts showing it inequitable for McLeary not to perform same; and asked for a specific performance.

Plaintiff in error further alleged that said land was deeded to Mc-Leary November 6, 1905, in consideration of two notes executed by McLeary to Horstman for $140 and $195 with eight percent interest, and McLeary assumed to pay the note held by plaintiff, all of which notes were recited in the deed as vendor's liens on the land; that to induce plaintiff in error to accept said deed to the land in said trade of October 17, 1906, and assume payment of the note sued on, McLeary falsely represented to him that said $140 note had been paid off, which plaintiff in error believed and relied on, and would not have accepted said deed nor assumed said other notes had he known said $140 note was unpaid; that plaintiff in error learned, one week before the trial, the fact to be that said $140 note was unpaid and now owned by one Ernest McLeary; that on account of the said fraud, which was not discovered till the time mentioned, plaintiff in error repudiated said deed and trade of October 17, 1906, and tendered the deed into court for cancellation, and denied liability to defendants in error Hoeldtke and Leach. The court sustained a general demurrer to this answer.

The case was tried before the court without a jury, and judgment was rendered in favor of defendant in error Hoeldtke against Horstman, McLeary and Hill for the amount he sued for, with the foreclosure of the first vendor's lien on the land described, and in favor of defendant in error Leach against McLeary and plaintiff in error for the amount he sued for, with foreclosure of the second lien on the land. Plaintiff in error brings the case here by writ of error to have same revised for the errors assigned.

*After stating the case.*—We are of the opinion that there was error in sustaining the demurrer to plaintiff in error's answer. Though plaintiff in error had assumed to pay to McLeary the notes against the land held by defendants in error as a consideration of the conveyance of the land to him by McLeary, he was entitled to defend against his personal liability to defendants in error on the ground that he and McLeary had afterwards in good faith rescinded such trade and he had reconveyed said land to McLeary, who assumed to pay such lien notes and release plaintiff in error therefrom before defendants in error had accepted or become a party to plaintiff in error's promise. Morrison v. Barry, 10 Texas Civ. App., 22; Huffman v. Western Mortgage Co., 13 Texas Civ. App., 169. The allegations are that the mutual rescission was prior to acceptance by the mortgagees. Such promise does not vest an immediate interest and right in the mortgagees, as though the promise had been made direct to them. Until the acceptance by the mortgagees of the promise of the third person the parties to the agreement had the right to rescind. Davis v. Calloway, 95 Am. Dec., 671. A rescission may always be effected by the voluntary act of the parties either by novation or simple agreement to rescind where they continue to occupy their original relations; and even though such rescission may affect the interest of third persons the privilege can not be denied, provided no substantial rights are impaired. 2 Warvelle on Vendors, section 826. After acceptance of and reliance upon the agreement by the mortgagee the right of rescission might probably be precluded and the parties by their act estopped. The mere fact of

itself that defendant in error had the superior title to the land did not preclude or deny the right of rescission to plaintiff in error and Mc-Leary.

Plaintiff in error alleged that if the trade of July 11, 1907, between himself and McLeary was not completely executed, still it was a binding contract upon a valuable consideration, and he had tendered performance upon his part and had taken possession of the property he got in the trade and alleged facts showing it inequitable for McLeary not to perform same, and asked for a specific performance and that it operate as a defense against his personal liability to defendants in error. As an equity right we think it could be enforced in the case. The right of action of defendants in error is subordinate to their rights, and if defendants in error avail themselves of the contract they will be affected by the equities growing out of the contract between them. In Dunning v. Leavitt, 85 N. Y., 30, 39 Am. Rep., 617, the court said, "there is no justice in holding that an action on such promise is not subject to the equities between the original parties springing out of the transaction or contract between them." In Malanaphy v. Fuller & J. Mfg. Co., 125 Iowa, 719, it was said: "Among other limitations the party to be benefited becomes subject to all inherent equities arising out of the contract as affecting the principal parties one with the other." In Ellis v. Harrison, 104 Mo., 270, the court said: "It is clear on principle such right can not be broader than the party to the contract, through whom the right of action is derived, would have in the event of its breach. . . . Such beneficiary can not acquire a better standing to enforce the agreement than that occupied by the contracting parties themselves." The fact that suit was brought by defendants in error can not affect the applicability of the rule.

We think it is also clear that plaintiff in error is entitled to defend against personal liability on the notes by tendering back the land and showing that he was induced to accept the conveyance and assume the notes through the fraud of McLeary, his vendor, in falsely representing that the land was free of other liens, if upon discovering the fraud he acts promptly in rescission and before he induces defendants in error to rely upon the assumption to their injury. Heath v. Coreth, 11 Texas Civ. App., 91; Loeb v. Willis, 100 N. Y., 231; Drury v. Hayden, 111 U. S., 223; Hargadine-McKittrick Drygoods Co. v. Swofford Bros., 70 Pac., 582. To same effect Keller v. Ashford, 133 U. S., 610; Clay v. Woodrum, 25 Pac., 619; Greene v. McDonald, 53 Atl., 332.

We do not pass upon the evidence—simply the allegations to determine the demurrer.

The case was ordered reversed and remanded.

*Reversed and remanded.*