BEALS v. JOHNSTON et al. (No. 2798.) *

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1923. Rehearing Denied Nov. 22, 1923.)

1. Vendor and purchaser ⬳265(3) — Maker cannot recover from subsequent purchaser assuming vendor's lien note.

The maker of a vendor's lien note cannot recover from a subsequent purchaser assuming to pay half the amount thereof as part of the purchase price of the land under a contract to which the maker was not a party; such promise not being one for his benefit, but an undertaking to pay such sum to the owner and holder of the note, who alone could sue thereon.

2. Vendor and purchaser ⬳265(3)—Holder of vendor's lien note cannot recover from subsequent purchaser, whose assumption thereof he did not accept.

A holder of a vendor's lien note cannot recover thereon from a subsequent purchaser, whose promised assumption of the note he did not accept, especially before such purchaser's reconveyance to his grantor, which revoked the assumption.

3. Partnership ⬳55—Finding that purchaser assuming vendor's lien note was partner in grantor's purchase through maker as agent held unwarranted.

Evidence held insufficient to warrant a finding that one assuming a vendor's lien note as part of the purchase price of land was a partner of his grantor in the grantor's purchase thereof, and, as such, induced the maker of the note to buy the land as their agent, so as to entitle the maker to recover over against him.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Mrs. Fay Johnston and husband against George C. Beals, W. E. Edwards, and others. From a judgment for defendant Edwards against defendants Beals and another, defendant Beals appeals. Modified and affirmed.

This suit was instituted by Mrs. Fay Johnston, joined by her husband, to recover the principal and interest due on two vendor's lien notes, and to foreclose the lien retained on the land to secure the payment of the notes. Samuel M. Holt purchased the land, and executed the notes of date October 13, 1917, to F. W. Schifflin, the vendor. F. W. Schifflin sold and indorsed the notes to Mrs. Fay Johnston. The petition of Mrs. Fay Johnston further alleged that W. E. Edwards, George Beals, and John W. Hicks were asserting some interest, lien, or title to the land, or some part of it, and asked that each one of them be made a party defendant, and that they be required to have their respective interest, lien, or title, if any they have, adjudicated and determined in this cause as against the plaintiff. No one of the

*Writ of error granted January 23, 1924.

several defendants made any contest of the plaintiff's right to have judgment in her favor on the two notes sued on for the principal, interest, and attorney's fees against the maker of the two notes, Samuel M. Holt, and F. W. Schifflin, the indorser; and to have a foreclosure of the vendor's lien on the land as against all the defendants; and to have such vendor's lien decreed to be a first and prior lien to any and all liens held or owned by any one of the defendants or parties to the suit. No party appeals from this judgment in favor of the plaintiff, and it is not in any way involved in the appeal. But the defendant George Beals, in answering the plaintiff's petition, also in the same document filed what is termed a "cross-plea," but which is, indeed, in the form of an original complaint against W. E. Edwards and John W. Hicks, alleging that he, George Beals, held and owned a note for $1,625, providing for interest and attorney's fees, signed by W. E. Edwards, and payable to the order of L. L. Hale and Mrs. Josie Pittman, given as part of the purchase money for the land described in the plaintiff's petition; that the said note was indorsed to George Beals by Hale and Pittman; that John W. Hicks shortly afterwards purchased the land from W. E. Edwards, and as a part of the consideration thereof, in the deed of conveyance, assumed to pay the said $1,625 note, principal and interest. W. E. Edwards made answer to the complaint of George Beals, alleging substantially that, on March 15, 1919, he bought the land from L. L. Hale and Mrs. Josie Pittman, and executed and promised to pay the note of $1,625 as a part of the purchase money of the land, acting in the transaction solely as the agent and representative of John W. Hicks and George Beals, who were partners at the time, and in pursuance of an arrangement and agreement with them and each of them to do so; and that he (W. E. Edwards) immediately thereafter, on April 1, 1919, transferred and conveyed the land by a deed to John W. Hicks, who in the deed assumed to pay the very same note according to its terms; that the transfer and conveyance of the land by W. E. Edwards to John W. Hicks was made to John W. Hicks in truth and in fact for the use and benefit of John W. Hicks and George Beals; and that, on April 29, 1919, John W. Hicks by deed conveyed to George Beals an undivided one-half interest in the land, and the said George Beals in the deed assumed to pay one-half of the $1,625 note. W. E. Edwards prayed for judgment on the note against John W. Hicks and George Beals, jointly and severally, for the amount of the note. In the meantime, after the date of the filing of the complaint of George Beals, and before the date of the filing of the above cross-plea of W. E. Edwards, the Southern Furniture Company, a private corporation, filed, by leave of the court, a plea of intervention, alleging that it furnished to George Beals the money to buy and purchase from L. L. Hale and Mrs. Josie Pittman the note for $1,625 executed by W. E. Edwards to L. L. Hale and Mrs. Josie Pittman, and that it, and not George Beals, is the actual owner of said note, "and that said George Beals is in truth and in fact holding said note and lien as a trustee for this intervenor." The Southern Furniture Company prayed that it be adjudged to be the owner of the $1,625 note and the lien securing it, and that it have judgment against W. E. Edwards, the maker thereof, and that it have a foreclosure of the vendor's lien against W. E. Edwards and John W. Hicks. John W. Hicks made no controversy respecting the suit. W. E. Edwards pleaded, as before, that, in executing the note, he was in fact doing so as the agent of John W. Hicks and George Beals, who were partners at the time, and that said note was subsequently, in April, 1919, paid off by George Beals and then "fraudulently delivered without being marked paid." W. E. Edwards prayed that he be held not liable for the note, and, in the alternative, that he have "judgment over and against the defendant John W. Hicks and George Beals, or John W. Hicks or George Beals, for any amount he may have to pay by reason of this suit." George Beals replied to the answer and cross-action of W. E. Edwards by general denial, and specially denying any partnership between him and John W. Hicks, and pleading the statute of two years' limitation. The Southern Furniture Company and John W. Hicks do not appeal nor file cross-assignments of error.

The court, in a trial before him without a jury, entered judgment on the entire case as follows:

(1) In favor of Mrs. Johnston, joined by her husband, against Samuel M. Holt, as principal, and F. W. Schifflin, as indorser, for the principal, interest, and attorney's fees on the two notes sued on, with foreclosure of the vendor's lien on the land, as against Samuel M. Holt, W. E. Edwards, George Beals, and John W. Hicks;

(2) In favor of the intervener, the Southern Furniture Company, as the owner and holder of the $1,625 note, and for recovery of the amount of the principal, interest, and attorney's fees of the note against W. E. Edwards, the maker, with foreclosure of the vendor's lien on the land as against both W. E. Edwards and John W. Hicks, the vendor's lien to be inferior and subject to the prior vendor's lien of the plaintiff, Mrs. Fay Johnston, on the land;

(3) In favor of W. E. Edwards "against George Beals and John W. Hicks, jointly and severally, for whatever amount he is compelled to pay on this judgment;

(4) That George Beals take nothing by his

complaint or petition as filed against W. E. Edwards and John W. Hicks.

George Beals alone appeals, and he only appeals and assigns error to that part of the judgment that awards a recovery in favor of W. E. Edwards reading "against George Beals and John W. Hicks jointly and several- ly, for whatever amount he (W. E. Edwards) is compelled to pay on this judgment."

It appears from the evidence, without dis- pute, as follows:

(1) On October 12, 1917, F. W. Schifflin by deed conveyed to Samuel M. Holt 500 acres of land of the Charles Burkham H. R. Survey in Bowie county, Tex., the consideration be- ing partly cash, and two vendor's lien notes, each for $937.50, due respectively one and two years after date. The deed was duly re- corded.

(2) On March 15, 1919, Mrs. Josie Pittman, as administratrix, and L. L. Hale, individu- ally, by deed conveyed the same tract of land (presumably acquiring it under Holt) to W. E. Edwards in consideration of his assuming to pay off the two vendor's lien notes for $937.50 each, executed by Samuel M. Holt (and of which at that date both the interest and principal were unpaid), and of a cash payment of $1,750, and of a vendor's lien note for $1,625 due January 1, 1920, bearing 8 per cent. interest, and payable to the order of L. L. Hale and Mrs. Josie Pittman, administra- trix.

(3) On April 1, 1919, W. E. Edwards by deed conveyed the same tract of land to John W. Hicks, in consideration of his assuming to pay off the two vendor's notes executed by Samuel M. Holt for $937.50 each, and of the $1,625 note executed by W. E. Edwards to L. L. Hale and Mrs. Josie Pittman, administra- trix, and of $2,500 cash.

(4) On April 29, 1919, John W. Hicks by deed conveyed "a half interest" in the same tract of land to George Beals, in considera- tion of his assuming to pay off "one-half" of each one of the $937.50 notes executed by Samuel M. Holt, and to pay off "one-half" of the $1,625 note executed by W. E. Edwards, and of $1,250 cash.

(5) On January 3, 1920, George Beals by deed conveyed his entire one-half undivided interest in the same land back to John W. Hicks in consideration of his assuming to pay off "one-half" (assumed by George Beals) of the three notes mentioned in the deed by John W. Hicks to George Beals, and of $1,350 cash.

(6) The principal and interest of the two $937.50 notes were not paid by any of the parties. The interest on the $1,625 note was paid before suit by John W. Hicks to Janu- ary, 1920, but the principal has not been paid.

(7) The note for $1,725 executed by W. E. Edwards was transferred to George Beals by indorsement of L. L. Hale and Mrs. Josie

Pittman, administratrix; and L. L. Hale and Mrs. Josie Pittman, administratrix, by deed conveyed to George Beals "the superior title to the land," reciting the consideration to be the cash money paid them by Edwards and the note executed by him for $1,625.

(8) George Beals admits in his testimony that "the Southern Furniture Company is the owner" of that superior title and the note for $1,625, and that the Southern Furni- ture Company furnished the money that went to pay L. L. Hale and Mrs. Josie Pitt- man for the note, "as an accommodation to John W. Hicks."

(9) Neither John W. Hicks nor W. E. Ed- wards has paid the $1,625 note, nor has W. E. Edwards ever been the owner or holder of the note.

The oral evidence supports the further conclusions of fact, viz.:

(1) That John W. Hicks was buying the land on his own account and for himself alone, and that John W. Hicks and George Beals were not partners in the original pur- chase of the land, nor afterwards.

(2) That W. E. Edwards negotiated a sale of the land for $5,250 from L. L. Hale and Mrs. Josie Pittman, administratrix, with the view, and for the purpose, of having a deed of conveyance made to John W. Hicks for $6,000, and that W. E. Edwards voluntarily at his own instance, and not at the instance of, nor according to, any prearrangement with either John W. Hicks or George Beals, procured the deed to be made to himself, exe- cuting the $1,625 note as a part of the con- sideration.

(3) That W. E. Edwards made the deed of conveyance to John W. Hicks and John W. Hicks, knowing at the time about all of the facts, assumed to pay off the note executed by W. E. Edwards as a part of the considera- tion for the purchase of the land.

(4) That W. E. Edwards was not an agent nor acting as agent of George Beals at the time of the deed from L. L. Hale and Mrs. Josie Pittman, administratrix, and has not been since that time.

Keeney & Dalby, of Texarkana, for ap- pellant.

C. A. Wheeler and T. N. Graham, both of Texarkana, and B. F. Edwards, of Clarks- ville, for appellees.

LEVY, J. (after stating the facts as above). The appellant, George Beals, has appealed from and has assigned error to that part of the judgment rendered in favor of W. E. Edwards on his cross-plea reading:

"Against George Beals and John W. Hicks, jointly and severally, for whatever amount he (W. E. Edwards) is compelled to pay on this judgment."

"This judgment" refers to the judgment which the Southern Furniture Company was allowed against W. E. Edwards for the

amount of the principal, interest, and attorney's fees of the $1,625 note, with a foreclosure of the vendor's lien on the land. The point made on appeal by the appellant is, in effect, that the above judgment against him is not warranted by the law and the evidence.

[1] It appears that, on April 29, 1919, John W. Hicks by deed conveyed a half undivided interest in the land to George Beals, and that George Beals assumed to pay one-half of the prior existing $1,625 note as a part of the price of the land. It further appears, however, that appellee Edwards was not the payee or owner or holder of the $1,-625 note, either at the date of that deed or at the trial of this case, and was not a party in any way to the contract of sale or sale between John W. Hicks and George Beals. In these facts the appellee Edwards could not legally recover on the note against George Beals, because the promise of George Beals to pay one-half of the $1,625 note was, in legal effect, an undertaking to pay that much of the purchase price to the owner and holder of that $1,625 note, in order to discharge an incumbrance against the land which he had purchased, and as a part of the consideration. Such promise of George Beals was not an undertaking made by him for the benefit of appellee Edwards, the maker of the note and a debtor to the holder and owner thereof, in the nature of indemnity to him against the indebtedness, nor as his surety. It has been held clearly that the right of action upon the promise of a subsequent purchaser to pay the prior vendor's lien note as a part of the price of the land is in the holder and owner of the vendor's lien note, accepting the promise of such subsequent purchaser. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Spann v. Cochran & Ewing, 63 Tex. 240; Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299; Hill v. Hoeldtke, 54 Tex. Civ. App. 201, 117 S. W. 217.

[2] And, as the record further appears, appellee could not recover on the note even should he have been a prior holder of the note, because he did not accept Beal's promised assumption of the note at any time, especially before the reconveyance of Beals to John W. Hicks, which reconveyance operated, and was intended by the parties, to be a revocation of the assumpsit by Beals. Hoeldtke v. Horstman, 61 Tex. Civ. App. 148, 128 S. W. 642.

[3] Appellee seems to further rely for judgment against appellant Beals upon the theory that appellant Beals and John W. Hicks were partners in the purchase of the land, and, as partners, induced him to buy the land from Hale and Pittman as their agent and broker, and that he did take title to the land and execute the $1,625 note as the agent and for the benefit of his principals, Beals and Hicks. In this respect John W. Hicks and appellant deny a partnership. Hicks was a traveling salesman for the Southern Furniture Company, and appellant was its manager and treasurer. Hicks wanted to buy the land, and appellant, acting as an officer of the Southern Furniture Company, consented to make advancement of salary or a loan to Hicks to make the first cash payment. Mr. Mahaffey represented them, but he does not testify that a partnership existed. He says, "As to what was the real contract between them (Hicks and Beals) I don't know, I don't pretend to testify to it." The appellee admits that—

"all of the negotiations that I had in reference to buying this land were with John W. Hicks, solely and exclusively, but I was receiving somebody else's checks for the money; all of the talk I had was with Mr. Hicks. I never talked to George Beals about it in my life. I never saw George Beals in my life until here the other day, but his name was suggested to me."

The "checks" that he mentions were admittedly checks signed by John W. Hicks and the Southern Furniture Company, by George Beals, treasurer.

The appellee's evidence further shows that, at his own instance, he made the deed in his own name and executed the $1,625 note, and that Beals did not direct nor suggest that it be done that way. The appellee may have, as he says, been "impressed" and "understood" from "the checks" that "the deals originally was to John W. Hicks, George Beals, and the Southern Furniture Company"; but nowhere in the evidence does it appear that George Beals in fact was a partner, at the time, with John W. Hicks, nor that he authorized appellee to act as his broker or agent respecting the land. The record conclusively shows that George Beals, acting only as treasurer and manager of the Southern Furniture Company, signed a check, as advancement of salary or a loan, for the benefit of John W. Hicks, and that such check was used by John W. Hicks in making payment on the land. Considering the whole testimony, and reasonably construing it, it is concluded that a finding of fact is unwarranted that Beals and Hicks were partners in the original purchase of the land, or that Beals had appointed or directed appellee to act as his broker or agent.

The judgment is modified so as to deny appellee W. E. Edwards a recovery against appellant George Beals, and as so modified is then in all things affirmed. The costs of appeal are taxed against the appellee.

Modified and affirmed.