EDWARDS v. BEALS et al.　(No. 639–4092.)

(Commission of Appeals of Texas, Section A.
May 6, 1925.)

1. Vendor and purchaser ☞265(3)—Holder of vendor's lien note cannot recover from subsequent purchaser whose assumption thereof he did not accept.

Holder of vendor's lien note cannot recover thereon from a subsequent purchaser whose promised assumption of note he did not accept, especially where he never accepted such assumption before purchaser's reconveyance to his grantor.

2. Vendor and purchaser ☞265(3)—Payee of vendor's lien note had option of accepting subsequent purchaser's assumption thereof.

Payee of vendor's lien note assumed by subsequent purchaser might accept such assumption or rely on purchaser's grantor.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Mrs. Fay Johnston and husband against George C. Beals and others. A judgment for defendant W. E. Edwards against defendant Beals and another was modified and affirmed by the Court of Civil Appeals (256 S. W. 646), and defendant Edwards brings error. Affirmed.

B. F. Edwards, of Clarksville, and Graham, Williams & Taylor and King, Mahoffey & Wheeler, all of Texarkana, for plaintiff in error.

Keeney & Dalby, of Texarkana, for defendants in error.

CHAPMAN, J. A full statement showing all the issues originally in this case may be found in the opinion by the Court of Civil Appeals at Texarkana, 256 S. W. 646.

Under the findings of fact made by the Court of Civil Appeals, only one issue is left for consideration by this court, and that issue is governed by the following facts:

On March 15, 1919, Pitman and Hale conveyed to W. E. Edwards 500 acres of land situated in Bowie county, Tex., in consideration of his assuming the payment of certain outstanding vendor's lien notes against the land and certain cash, and of the execution by Edwards in favor of the grantees of a

note for $1,625 due January 1, 1920. On April 1, 1919, W. E. Edwards conveyed the same land to John W. Hicks in consideration of a certain cash payment and the assumption of the payment of the $1,625 note executed by Edwards 'as well as the other outstanding notes. On April 29, 1919, Hicks conveyed a half interest in the same land to George Beals in consideration of certain cash and the assumption by Beals of the payment of one-half of the notes, the payment of which had been assumed by Hicks. On January 3, 1920, Beals reconveyed the land to Hicks for certain cash and the reassumption by Hicks of the payment of the one-half of all the outstanding indebtedness that had been assumed by Beals.

In a suit brought after the reconveyance to Beals, in which all the notes were involved, the Southern Furniture Company, as assignee of Pitman and Hale, asked for a personal judgment against Edwards on the note that had been executed by him, and for a foreclosure of their lien as against Edwards and Hicks. While the pleadings on this question are not clear, yet it may be conceded that on the pleadings as a whole Edwards asked for judgment over against both Hicks and Beals for any amount that he might have to pay on any judgment that might be rendered against him on the $1,625 note. Judgment was rendered in favor of the Southern Furniture Company for personal judgment against Edwards on the $1,625 note, and for a foreclosure of their lien as against Edwards and Hicks, and for judgment in favor of Edwards jointly and severally against Hicks and Beals for any amount that he might be compelled to pay on the judgment. It is not disclosed upon what theory this judgment against Beals was given. The Court of Civil Appeals modified the judgment and held that Edwards was not entitled to a judgment over against Beals and otherwise affirmed the judgment of the trial court.

[1, 2] The question now before us is as to the correctness of the Court of Civil Appeals in modifying the judgment of the trial court in the particular stated. The only ground that we can conceive of, under which Edwards could attempt to claim that he was entitled to judgment over against Beals, would be that at the time suit was brought Beals was the principal debtor on the note and that Edwards was his surety.

There was no privity of contract between Edwards and Beals, and Beals was not the owner of the land and claimed no interest therein when the suit was brought, and there is nothing in the record to show that, prior to the time of bringing the suit, the payee of the note had accepted the promise made by Beals to Hicks to pay one-half of the $1,625 note, and, as already shown, the payee of the note in bringing suit did not elect to attempt to hold Beals personally liable on his assumption.

In the recent case of Caraway v. Fowler, 267 S. W. 672, the effect of our holding was that if, in the instant case, the payee of the note had accepted the promise of Beals before Beals reconveyed the land to Hicks, that the reconveyance by Beals to Hicks would not have relieved Beals of his liability to the payee of the note. But in the Caraway Case we did not make a holding that would determine the liability of Beals in the instant case under the facts already stated. As to the issue now before us we find this statement in Jones on Mortgages (5th Ed.) vol. 1, § 763:

"A grantee who has assumed the payment of a mortgage terminates his liability to the holder of the mortgage by a reconveyance of the premises made in good faith to his grantor, who in turn assumes the mortgage."

By reading the text further in connection with this statement, it is found that the author does not mean to say that the party who makes the reconveyance is relieved of his liability where the mortgagee accepts his assumption before his reconveyance, and the authorities are not entirely in accord as to whether it is necessary for the mortgagee or payee to accept the promise before reconveyance in order to hold a party on his assumption.

In Morrison v. Barry et al., 10 Tex. Civ. App. 22, 30 S. W. 376 (writ of error denied), one George sold to Alston certain land and as consideration Alston assumed the payment of an outstanding mortgage and in addition thereto executed to George his note for $2,000. Alston made default in payment of the $2,000 note and George rescinded the contract between himself and Alston. The owners of the outstanding mortgage that was assumed by Alston brought suit on their notes and one of the issues before the Court of Civil Appeals was as to whether or not George had the right to rescind the contract between him and Alston and thereby relieve Alston of his assumption of the mortgage that was outstanding at the time of his purchase, and the Court of Civil Appeals held that he did have such right, and discussed the question as follows:

"It is contended that George forfeited his right to rescind by reason of the contract made by him with Alston for the sale of said land, by which, as part consideration for the land, Alston assumed to pay the mortgage debt due the mortgage company. There is no question but that by the assumption of said indebtedness Alston became liable to said mortgage company for the full amount of said mortgage indebtedness, provided said company saw proper to accept him as payor. While the said company was under no obligation to do so, it could have made Alston liable to it by accepting the provisions of the contract in its favor, and this right existed until default was made by Alston and the contract re-

(271 S.W.)

scinded by George. But it seems that said company ignored the contract of assumpsit by Alston, and looked alone to George for the payment of said indebtedness. When suit was brought by the mortgage company to recover its debt and foreclose its mortgage, no personal judgment was sought against Alston, but as against him a foreclosure of the lien only was asked, and obtained. * * *

"The company failing to accept, as above stated, George had the right, when Alston made default of the payment of the purchase money as he had contracted to do, to rescind the contract and re-enter upon the land; and when George rescinded the contract Alston was released from all indebtedness, not only to George, but to the mortgage company also. The court below was of opinion that the relation of the parties was as though Alston had executed his note for the amount of the mortgage, and same had been transferred to the mortgage company If such had been the case, there could be no question that George did not have the right to rescind. But, the mortgage company failing to accept the assumpsit of Alston, the relation of George and Alston stood as though Alston had agreed to' pay George that amount, and George was the owner of the obligation at the time of rescission, in which case there could be no' question of George's right to rescind."

In Huffman et al. v. Western Mortgage & Investment Co., 13 Tex. Civ App. 169, 36 S. W. 306, there was under consideration the precise question that we are now discussing, and the court discussed the question as follows:

"While there is some diversity of opinion on this proposition, we think the great weight of authority is to the effect that where one assumes the debt of the original promisor, and there is a release by the promisor before there is an acceptance on the part of the creditor, or before suit is brought, then in that case the party assuming said indebtedness is released, and the creditor has no right of action against him."

In Berkshire Life Ins. Co. v. Hutchings et al., 100 Ind. 496, the Supreme Court of Indiana discussed this question in this language:

"On the former hearing, this court held that when a mortgagor sells and conveys the mortgaged premises, and his grantee assumes the payment of the mortgage debt, the mortgagee, in a foreclosure suit, cannot recover a personal judgment against such grantee, unless she has accepted him as her debtor. Prior to such acceptance, the mortgagor, originally the principal debtor cannot by such agreement of his grantee, be discharged, nor can he' be made a mere surety for his grantee, without the assent of the mortgagee, but after such acceptance the grantee becomes the principal debtor, and the mortgagor is either absolutely discharged or remains liable as surety for his' grantee, according to the agreement of all the parties. While the relations of such mortgagor and grantee remain unchanged, the institution of a suit against them by the mortgagee sufficiently indicates such acceptance, but if in the meantime, and before any acceptance, the relations be-

tween such mortgagor and grantee have been terminated by a bona fide rescission of their contract, the case becomes the same as if no such contract ever existed, and the right of the mortgagee as against such former grantee no longer exists.

"If A., for a sufficient consideration, agrees with B. to pay B.'s debt to C., A. does not thereby become the debtor of C. It requires some act of adoption by C. to entitle him to the benefit of A.'s contract, and if before such adoption A. and B. rescind their contract, there is nothing left for C. except his original claim against B."

The same holding as made in the above cases is made by the Supreme Court of Kentucky in Jones v. Higgins, 80 Ky. 409, and by the Supreme Court of California in Biddel v. Brizzolara, 64 Cal. 354, 30 P. 609.

We can see no good reason why the payee of the note should be forced to accept Beals as principal payor because of the assumption made by him in the sale of the half interest in the land to him by Hicks. We think that the authorities cited state the most reasonable rule as to the question discussed, and that it was optional with the payee of the note as to whether or not he would accept the assumption made by Beals, and having never accepted his assumption or promise before he reconveyed the land to Hicks, the relation of debtor and creditor between the payee of the note and Beals did not exist at the time suit was brought and therefore, of course, Edwards could not claim that Beals was the principal debtor in the payment of the note and that he was only a surety.

Even though it should be conceded that the last person that assumed the payment of the note was the principal debtor for its payment, then it could not be held that Beals was the principal debtor when suit was brought, because prior to that time the land had been reconveyed to Hicks by Beals and Hicks had reassumed the payment of the half of the note that Beals had assumed, and Hicks then was the sole owner of the land, and was the last party to assume the payment of the note, and under the concession that the last party to assume the payment of the note would be the principal debtor, Hicks, and not Beals, would be liable as principal on the note.

If, at the time suit was brought, Beals had owned or claimed any interest in the land, Edwards would have been entitled to judgment over against Beals to the extent of Beals' interest for any amount that he would be compelled to pay under the judgment, regardless of the failure of the payee of the note to accept the assumption of Beals, and this on the equitable ground that the payment made by him would have been for the benefit of Beals, but this contingency could not arise for the reason that Beals had already conveyed his interest to Hicks and was not at that time claiming any interest in

the land, and Edwards could not make any payment for his benefit.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.