### McGINTY et al. v. DENNEHY et al.
#### (No. 7859.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 23, 1927.

Rehearing Denied Feb. 20, 1928.

Mortgages ⊙═291—Where mortgagees looked only to mortgagors for payment, mortgagors paying deficiency could not recover from remote vendees assuming to pay note.

Where mortgagors sold land subject to deed of trust, but purchasers did not personally assume notes, and later sold to others, who assumed indebtedness, and subsequent purchasers also assumed indebtedness, but mortgagees, after exhausting security, looked alone to mortgagors for payment of deficiency, and mortgagors paid same, mortgagors could not require remote vendees, assuming to pay note, to contribute to amount of deficiency paid.

Error from Kaufman County Court; Chas. Ashworth, Judge.

Action by J. B. McGinty and another against P. J. Dennehy and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Charles Romick and William A. Wade, both of Dallas, for plaintiffs in error.

James Young, Jr., of San Antonio, and H. R. Young, of Tulsa, Okl., for defendants in error.

SMITH, J. In August, 1918, J. B. McGinty and F. A. Williams became indebted to the Ætna Life Insurance Company in the sum of $2,100, and gave the company their promissory note for that amount, together with a deed of trust upon 70 acres of land in Kaufman county, to secure the payment of the note.

In October, 1918, McGinty and Williams sold the land to Griffith & Griffith, making the conveyance to them *subject* to the note and deed of trust held by the insurance company.

Subsequently, Griffith & Griffith sold half of the land to P. J. Dennehy, who, in taking conveyance, "assumed one-half" of the indebtedness secured by the outstanding deed of trust, and Dennehy retained ownership of this one-half until the whole tract was sold to satisfy the deed of trust lien.

Griffith & Griffith sold the remaining one-half of the land to A. H. Whitaker, who, in taking conveyance, assumed one-half of the outstanding debt against the whole tract. Subsequently Whitaker resold his half of the land to C. W. Dorsey, who then sold it to M. H. Tappan, who in turn sold it to B. P. Morrow, and in taking conveyance each of these subvendees, Dorsey, Tappan, and Morrow, assumed one-half the indebtedness secured by the insurance company's deed of trust.

Subsequently, while the ownership of one-half of the land was in P. J. Dennehy, and the ownership of the other one-half was in B. P. Morrow, the note secured by the lien and the final interest coupon matured, and, in default of payment, the insurance company, as the payee and holder of the note and of the deed of trust lien, caused the land to be sold by the trustee named in the deed of trust.

At this involuntary sale the land brought $2,100, the amount of the principal of the note, leaving a claimed balance of $545.32, consisting of interest, trustee's fees, and attorney's fees. Upon the insurance company's

demand upon them alone, McGinty and Williams,, the makers of the note, paid this balance to the insurance company, and in turn brought this suit against the remote vendees, who had assumed to pay the note, to require them to contribute the amount of the deficiency which had been paid by McGinty and Williams in their settlement with the insurance company. These remote vendees were Dennehy, Whitaker, Dorsey, Tappan, and Morrow, but, for appropriate reasons, Whitaker and Dorsey were dismissed, and the suit was prosecuted against Dennehy, Tappan, and Morrow, who resisted upon the ground that there was no privity of contract with McGinty and Williams by reason of the assumption of the debt. They recovered upon this contention, and McGinty and Williams have appealed.

To summarize, it appears that appellants mortgaged their land to secure the payment of their note to the insurance company. They then sold the land to the Griffiths, who did not assume the outstanding debt, but took conveyance subject thereto. In that status appellants alone were personally liable for the debt. The Griffiths were in no sense personally liable, although holding legal title to the land. When the Griffiths resold the land, their grantees "assumed" the obligation held by the insurance company against appellants. But, when the insurance company, the payee and mortgagee, came to collect the deficiency resulting from the exhaustion of the security, it looked alone to appellants as the makers of the note, and demanded the whole of the deficiency from them, without reference to appellees, or their assumption as remote vendees. It never accepted such assumption, or acted upon it, or otherwise regarded it, but relied wholly upon the direct liability of appellants as the makers of the note. Appellants responded to the creditor's demand by paying the deficiency, and now call upon appellees to make them whole again. Out of these facts arises the question of whether or not appellees, upon their assumpsit, are liable to appellants.

It seems to be settled in this state that, when a remote grantee assumes payment of a lien indebtedness, even in a conveyance from a grantor who is not himself personally liable, he may be sued thereon and held personally liable by the owner and holder of such indebtedness who has accepted or acted upon the assumpsit. And in such suit the original obligor, being a party to the suit, may recover over against the assuming grantee for whatever he is forced to pay as the maker of the obligation assumed. Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562; Allen v. Traylor (Tex. Civ. App.) 174 S. W. 923; Id. (Tex. Com. App.) 212 S. W. 945. It would require but a slight extension of this rule to bring the present case under its operation, and we would be inclined to so extend it, but for the decision in the case of Beals v. Johnston (Tex. Civ. App.) 256 S. W. 646, Edwards v. Beals (Tex. Com. App.) 271 S. W. 887, which, although of doubtful authority, is nevertheless deemed the last expression of our Supreme Court upon the direct question. The present case is distinguished from the two cases first cited by the facts, made controlling by the case last cited, that the lien creditor did not at any time, or by any conduct, recognize, accept, act, or rely upon appellees' assumpsit, but looked at all times only to appellants for the payment of the obligation. On the contrary, the creditor, when confronted with appellants' default, caused the security to be sold under the terms of the deed of trust to satisfy the debt and lien, and, still ignoring the assumpsit of the remote vendees, called upon appellants, the direct obligors, to make good the deficiency arising from the sale, and appellants responded without question. The creditor had never accepted or acted upon the assumpsit, and those assuming had long since parted with all interest they had ever had in the security. Under the authority of Edwards v. Beals, supra, we hold that appellees were not liable to appellants at that late juncture in the transaction.

The judgment is affirmed.