trespass was committed and where he had his domicile.

.We therefore recommend that the questions propounded in the certificate be answered in accordance with the conclusions reached by us in this opinion.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

### McGINTY et al. v. DENNEHY et al.
(No. 1165–5140.)

Commission of Appeals of Texas, Section A. Feb. 6, 1929.

Charles Romick and William A. Wade, both of Dallas, for plaintiffs in error.

Young & Young, of Kaufman, Jos. Young, of San Antonio, and H. R. Young, of Tulsa, Okl., for defendants in error.

NICKELS, J. The case originated in the county court. Jurisdiction in the Supreme Court depends upon existence of some exceptional condition named in article 1821, R. S. 1925. Such a condition is pleaded in the petition in error in asserted conflict of decision in the present case with decisions in Morrison v. Barry, 10 Tex. Civ. App. 22, 30 S. W. 376 (writ denied); Hoeldtke v. Horstmann, 61 Tex. Civ. App. 148, 128 S. W. 642; Hill v. Hoeldkte, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672, affirming judgment in Hoeldkte v. Horstmann; Green v. Gregory (Tex. Civ. App.) 142 S. W. 999; Allen v. Traylor (Tex. Civ. App.) 174 S. W. 923; Edwards v. Beals (Tex. Com. App.) 271 S. W. 887; Brannin v. Richardson, 108 Tex. 112, 185 S. W. 562; and Waggoner v. Herring-Showers Co. (Tex. Civ. App.) 288 S. W. 260—the case lastly named being now pending in the Supreme Court. No other ground of jurisdiction is perceived.

The decision by the Court of Civil Appeals in the present case rests in a state of facts which includes the fact of nonassumption of debt by the immediate grantee of the mortgagor, whereas in each of the cases cited (save only in that of Allen v. Traylor) the immediate grantee had assumed by stipulation expressing the assumption. In none of those cases was there a decision, contradistinguished from obiter statement, on the point of the liability, to anybody, of a vendee free of personal liability to the mortgagee or to his immediate grantor. The possible, if not the certain, importance of that distinction in facts has illustration in the discussion to be found in sections 755a and 760 in 2 Jones on Mortgages (7th Ed.).

In Allen v. Traylor, it appears that the lienor had conveyed, amongst other lands, blocks Nos. 175, 277, 360, and 399 to Ucovitch; that "subject to the incumbrance" Ucovitch conveyed blocks Nos. 277 and 360 to Allen, who "assumed the payment of $4,784.00 of the debt" as "a part of the consideration"; that suit was brought by the lienholder against the mortgagors and Allen et al., the mortgagors reconvening against Allen "in case judgment went against them"; that Allen, though duly cited, did not appear; that judgment in favor of the lienholder was rendered against the mortgagors and Allen for the debt, and with foreclosure, and in favor of the mortgagors over against Allen; that Allen appealed. In the report of the case it does not appear that Allen made any point in respect to the right of the mortgagors for judgment over against him in the event he was held liable to the lienholder. In fact it does not appear that his appeal had any reference to the part of the judgment in favor of the mortgagors which, in terms, was conditioned, as to enforceability, upon previous enforcement of the lienholder's judgment. So far as may be determined, the matter decided was that of Allen's liability to the lienholder, which did not necessarily include

decision on the point of his liability to the mortgagors who had conveyed without exacting assumption of personal liability by their immediate vendees.

It may well be that Allen could be held liable to the lienholder and still be free of liability to remote grantors who had not exacted of the intervening grantee assumption of personal liability; that possibility rests in the very theory on which subsequent vendees have been held to liability by mortgagees in various jurisdictions, and which seems to be the theory upon which such liability is predicated in Texas. In Brannin v. Richardson, e. g., it is said: "This rule which binds Teston to Rivers on the assumption, even in the absence of privity of contract, has been evolved from the rule of equity which vests in the payee of a note an interest in any collateral security," etc. "In a suit on such an assumption contract as is presented here, the assumption contract is regarded as the additional security," etc.

We mention this here for the purpose of indicating the possible importance of the question which may not have been involved at all in the decision in Allen v. Traylor.

■ It results that whatever conflict exists is not conflict within the rule announced in Garitty v. Rainey, 112 Tex. 369, 374, 247 S. W. 825, 827—at most there is but "an apparent inconsistency in the principles announced, or in the application of recognized principles," and the writ of error should be dismissed. City of Abilene v. McMahan (Tex. Com. App.) 292 S. W. 525; Jarecki Mfg. Co. v. Hinds (Tex. Com. App.) 6 S.W.(2d) 343.

CURETON, C. J. Writ of error dismissed, as recommended by the Commission of Appeals.