## OPPENHEIMER et al. v. HALEY.

### No. 9518.

Court of Civil Appeals of Texas. San Antonio.

June 6, 1934.

Denman, Franklin & Denman, of San Antonio, for appellants.

H. D. Barrow and R. R. Smith, both of Jourdanton, for appellee.

SMITH, Justice.

F. G. Oppenheimer holds a deed of trust first lien upon a certain fifty-acre tract of land in Atascosa county, to secure payment of O. C. Haley's note for $1,750, and a deed of trust second lien upon an undivided one-half interest in said land to secure payment of F. Fleishmann's and N. M. Welsch's note for $2,000.

O. C. Haley holds a second lien upon an undivided one-half interest in the same land to secure Fleishmann's and Welsch's vendor's lien note to him. This lien is junior in date to Oppenheimer's first lien upon the whole tract and second lien upon an undivided half thereof. In purchasing the land from Haley, Fleishmann and Welsch assumed Haley's note to Oppenheimer.

Subsequently, Fleishmann sold his interest in the land to his associate, Welsch, since adjudicated bankrupt, and whose interest in the property has been relinquished through the bankruptcy court, which also released him from all obligations arising out of this transaction.

The result is this, that Haley long since sold and conveyed all his interest in the property to Fleishmann and Welsch, Fleishmann sold and conveyed all his interest therein to Welsch, and the latter has emerged from the bankruptcy court stripped of all ownership in the property and freed of all liability in connection therewith. So that none may now claim any interest in the legal title to the land, and none does so in this litigation.

In default of the payment of a balance due on Haley's note held by Oppenheimer, the substitute trustee advertised the land for sale under power conferred upon him in the original deed of trust, to foreclose the first lien therein provided. Whereupon Haley brought this action against Oppenheimer and the trustee to restrain the threatened sale, and against Fleishmann and Welsch for the amount they owed him, and to foreclose his junior lien upon an undivided one-half of the land.

Welsch did not answer in the suit, being no longer interested in the land or liable upon any of said obligations, but Fleishmann reconvened, and pleaded the current (sixth) Texas Moratorium Act of 1934 (Acts 1934, 2d C. S. 43d Leg., p. 42, c. 16 [Vernon's Ann. Civ. St. art. 3804 note]), and prayed thereunder for a continuance to the next term. Upon a hearing, the trial judge enjoined the threatened trustee's sale, appointed a receiver of the land, and continued the case to the fall term of 1934. Appellee has not favored this court with a brief in the case. It should be added here that no one prayed for the appointment of a receiver or alleged or proved any facts showing any occasion for receivership.

Haley did not invoke the provisions of the Moratorium Act for the relief asked and given him, but sought to enjoin the threatened sale upon the grounds, rather, that he holds a remote lien upon a part interest in the incumbered property; that Oppenheimer is rich and he is poor; and that Oppenheimer can outbid him at the proposed sale, and will bid the full amount of his claim (which Oppenheimer offers to do in his pleadings); that Oppenheimer has additional security (to wit, lien upon other properties) for his second lien upon an undivided half of this property, and should be required to marshal his assets

and exhaust all his other security for his second lien upon an undivided half before this property be sold to satisfy his first lien upon the whole tract.

Obviously, the facts pleaded offered no ground for the injunctive relief granted, and the court erred in granting said relief to Haley, as was done. The doctrine of marshaling assets may, although we need not and do not so decide, have been applicable had appellant sought to exercise the power of sale under the second deed of trust, in which a second lien was laid upon an undivided one-half interest in this and other property, to secure another indebtedness of $2,000. But here appellant sought satisfaction only of his paramount lien, and under all the facts of the case was entitled to his remedy without the inconveniences and inequalities and complications sought to be interposed by appellee. 6 Pomeroy, Eq. Jur. § 866; 28 Tex. Jur. p. 751 et seq., § 1 et seq.; Rogers v. Blum, 56 Tex. 1; Block v. Latham, 63 Tex. 414.

■ Nor did Fleishmann show himself entitled to an injunction prohibiting the sale to satisfy Oppenheimer's liens. Fleishmann owns and claims no interest in the land, nor any equity therein. It is true that he did at one time assume to pay the Haley note, when he purchased an interest in the land, but as Oppenheimer, the holder, never accepted or acquiesced in that assumption, but elected to ignore it, and is proceeding to foreclose the lien without reference to that assumption, Fleishmann cannot complain of the proceeding. Edwards v. Beals (Tex. Com. App.) 271 S. W. 887; McGinty v. Dennehy (Tex. Civ. App.) 2 S.W.(2d) 546; Id. (Tex. Com. App.) 13 S.W.(2d) 68; Morrison v. Barry, 10 Tex. Civ. App. 22, 30 S. W. 376; Huffman v. Inv. Co., 13 Tex. Civ. App. 169, 36 S. W. 306.

So, Fleischmann having parted with all interest in the land, and not being called upon to pay the debt to satisfy which the proposed sale is to be made, he is in no position to invoke the protection of the Moratorium Act as against Oppenheimer.

As neither Haley nor Fleishmann showed any right to the relief decreed, the judgment granting the injunction and appointing a receiver will be reversed, the injunction dissolved, and receivership vacated, at the joint cost of Haley and Fleishmann.

By testing the validity of the relief granted Fleishmann by the terms of the current Moratorium Act, we do not mean thereby to uphold or acquiesce in the constitutionality of that act, which, at least in some of its provisions, apparently directly and materially contravenes the provisions of section 10 of article 1 of the Federal Constitution, that "no State shall * * * pass any * * * Law impairing the Obligation of Contracts; * * *" and of section 16 of article 1 of our state Constitution, that "no * * * law impairing the obligation of contracts shall be made;" and of section 29 of article 1 of our state Constitution, that "to guard against transgressions of the high powers herein delegated, we declare that everything in this 'Bill of Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto * * * shall be void."

As the disposition of this appeal is not dependent upon the question of the validity of the Moratorium Act, we refrain from a decision of that question.

The judgment is reversed, the injunction dissolved, and the receivership vacated.