R. F. SMITH ET AL. v. FARMERS LOAN AND TRUST COMPANY ET AL.

Decided April 26, 1899.

1. **Practice on Appeal—Substituted Pleadings Below—Record—Limitations.**

Where, under rule 14 for the district courts, pleadings below are substituted by amended pleadings, the former may be looked to as part of the record when necessary in determining a question of limitations, and it is not necessary that such former pleadings should appear in the statement of facts on appeal.

2. **Limitations—Assumption of Note—Pleading.**

Judgment may be rendered against a defendant upon a vendor's lien note which he has assumed, because of that assumption, although he would also have been liable as indorser, the prayer of the petition not being confined to asking judgment against him on any particular ground, and the only reference in the original pleading to his assumption being by way of describing the deed from his grantor containing the assumption, without a direct averment that he assumed to pay,—and hence the filing of such petition will be deemed the commencement of the suit in reference to the assumption, so far as concerns the running of the statute of limitations.

3. **Vendor's Lien—Notice.**

Subsequent purchasers for value and in good faith are chargeable with notice of a vendor's lien and the existence of a note for the purchase price because of the recital, in a deed through which they must deraign title, that the grantee assumed the payment of such note.

4. **Same—Assumption of Note—Acceptance.**

The assumption of a note reserving a vendor's lien upon lands, by a purchaser of those lands, inures to the benefit of the holder, and acceptance is not necessary in order to impose liability.

APPEAL from Dallas.   Tried below before Hon. W. J. J. SMITH.

*Thomas & Turney,* for appellants.

*W. H. Ford* and *Robertson & Firmin,* for appellees.

JAMES, CHIEF JUSTICE.—Suit by appellee against J. C. Roberts, W. J. Betterton, and others to recover upon a vendor's lien note and to foreclose the lien.   The third amended original petition alleged in substance that on April 26, 1890, J. C. Roberts executed the note sued on to Betterton, the deed being recorded on May 18, 1890; that on May 10, 1890, before the maturity of the note, Betterton for value sold and indorsed it to the J. B. Watkins Land Mortgage Company; that afterwards, about May 15, 1890, the J. B. Watkins Land Mortgage Company for value assigned it to plaintiff in trust to secure its debenture bonds.   That after this, on to wit, June 17, 1890, Roberts reconveyed to Betterton the land for which the note had been given, by a deed reciting among other things as to its consideration the sum of $6000 in cash and the assumption by Betterton of the payment of the note in question (which had been given by Roberts to Betterton) who thereby assumed and promised Roberts in terms to pay said note and continued in effect the lien created by said deed of April 26, 1890, whereby said Betterton became liable to pay same as a guarantor thereof.   But should plaintiff err in charging that Betterton so assumed said debt as guarantor, it further shows and avers that it has never accepted such liability of Betterton as in any manner releasing, discharging, or modifying the liability of Roberts upon the note, who still remains liable thereon.   That said deed last named from Roberts back to Betterton was duly recorded on April 11, 1891, in Brazos County, where the land is situated.   That on April 23, 1891, Betterton conveyed the land to defendant Phillpott, who claims some interest therein.   Then follows allegations of the terms of the note, description of the land, and allegations that defendants Smith, Phillpott, and Adriance claim some interest in the land, and concluding with a prayer for judgment against Roberts and Betterton for the debt, interest, and attorney's fee, for foreclosure of the vendor's lien, etc.

All the defendants pleaded limitations, and Smith and Adriance pleaded bona fide purchase without notice of the lien.

The judgment was against Betterton for the debt, discharging Roberts, and decree of foreclosure as to all defendants.   Smith and Adriance appeal.

The material facts are as follows:  Betterton, on April 28, 1890, conveyed the land to Roberts, and the latter gave Betterton the $3000 note in suit secured by vendor's lien and a trust deed.   The deed was filed same day for record.   On June 17, 1890, Roberts reconveyed the land to Betterton, the deed reciting as part of the consideration the assumption by Betterton of the payment of the $3000 note, and expresses that a vendor's lien was retained against the land until the said note and all interest

thereon are fully paid. This deed was filed for record April 11, 1891. After the registration of said instruments, Betterton conveyed the land, and the rights of the other defendants arose under such conveyance by Betterton. Such facts as were found by the jury on special issues will be stated in another connection under the second conclusion of law. The suit was brought less than four years after the maturity of the note.

*Conclusions of Law.*—The first assignment is that the court erred in failing to sustain the pleas of limitations. Smith and Adriance in their first amended original answer pleaded that "Betterton as well as Roberts was principal in the debt in suit as between them and defendants and their land; that plaintiff and J. B. Watkins Company failed to sue or take any steps to collect the debt from them until about four years after its maturity, and have never yet sued Betterton in any other character than that of indorser and never had said note protested, and have thus by negligence lost all right against Betterton, the principal as aforesaid, his assumpsit (assumption of the note in question) being now barred by four years limitation, and said land in the hands of these defendants is thereby discharged. In their first supplemental answer same defendants pleaded "that the cause of action against Betterton accrued more than four years before it was set up by plaintiff, and Betterton had been discharged from obligation thereon by the statute of limitations, and thereby defendant Roberts is discharged by the negligence and laches of plaintiff and J. B. Watkins Land Mortgage Company, and thereby these defendants and their land are discharged from the lien in suit."

By rule 14 for the government of district courts, pleadings that are substituted by amended pleadings should be looked to as a part of the record when necessary in determining a question of limitations, and we take it that under this rule it is not necessary that such pleadings should appear in the statement of facts.

The original petition was filed before the expiration of four years after the maturity of the note, and it alleged in substance the conveyance of Betterton to Roberts, the execution of the vendor's lien note by Roberts to Betterton, the negotiation of the indorsement of the note by Betterton to the Watkins Land Mortgage Company, the reconveyance of the land by Roberts to Betterton by deed reciting as consideration therefor the sum of $6000 in cash and the assumption of the payment by Betterton of the note herein sued on; the nonpayment of the note, and that Betterton conveyed the land to Philpott, and that Philpott and Smith and Adriance claim some interest in the land. The prayer was that plaintiff have judgment against Roberts and Betterton for the debt, for foreclosure of the vendor's lien, for writ of possession, etc.

The ground upon which appellant bases this assignment is that the only reference in this original pleading to the assumption by Betterton is by way of describing the deed from Roberts to Betterton, and that it has no averment that Betterton assumed to pay. In our opinion there is nothing in this assignment. The prayer does not confine the petition

to asking judgment against Betterton on his relation as indorser of the note, nor upon any particular ground of liability. The judgment is asked in view of the matters stated in the petition. The indorsement and the assumption are both shown, and we conclude that this petition was the commencement of the suit in reference to Betterton's assumption of the note.

2.  The court submitted special issues to the jury and they found the following facts: That the J. B. Watkins Land Mortgage Company, when notified by Roberts that Betterton had assumed payment of the note in question, accepted the assumption of Betterton to pay same; that Philpott assumed the payment of said note in a transaction with Betterton; that Adriance and Smith, when they acquired title to the land, were not notified of the existence of the note and lien; and that they used the diligence of prudent persons in their situation to learn whether or not there was any incumbrance on the land when they bought.

The court was of opinion, notwithstanding the findings of the jury as to notice, that the record was notice to all parties dealing with the land under Betterton, of the existence of the note and lien. From the recital in the deed from Roberts to Betterton, that the latter assumed to pay the note that had been given him by Roberts, as part of the consideration, no one could but understand that the note was at that time outstanding in the hands of some other party. It had not apparently become barred by limitations when these parties dealt with the land, and its mere non-assertion would not warrant any one in assuming that it had been paid. Those holding under Betterton must therefore be held as deadling with the land upon the theory of such note being outstanding. The cases cited by appellant do not apply. It is true the jury returned a finding that these parties used the diligence of prudent persons in their situation to ascertain whether or not any incumbrance existed on the land and failed to discover any, and did not have any notice of the existence of this note and lien,—but this is, we think, not sufficient to protect them where they were *charged* with notice of the lien note, and of its negotiation or assignment, and when they dealt with the land a sufficient time had not run to bar the note. No circumstance of estoppel is claimed save that the Watkins Land Company, or plaintiff, did not sooner assert the note; and appellant contends that plaintiff's course was negligent and fraudulent in suppressing the fact of the outstanding existence of the note, and they should not be allowed to assert the lien after thus enabling Betterton and Philpott to impose on these defendants. With this we can not agree.

3.  The assumption by Betterton of the note inured to the benefit of the holder thereof, and acceptance thereof was not necessary in order to make Betterton liable to the latter. 63 Texas, 240. An acceptance of the assumption was found, and it is immaterial when it was made, or whether it was made at all.

4.  The other assignments are either disposed of by what has been stated in this opinion, or are regarded as without merit.

*Affirmed.*

ON MOTION FOR REHEARING.

There is nothing which shows that Betterton and Roberts ever rescinded the former's undertaking to pay the note given by Roberts.

The case of Mathews v. Jones (Neb.), 66 Northwestern Reporter, 622, supports the opinion delivered by us in this case. The decision was by a court by which the rule announced in Wheeler v. Moran is distinctly recognized. The instrument in which the assumption and agreement to pay the said note appears is in defendant's chain of title and was of record when they dealt with the property, and it indubitably shows that the note was then outstanding. The note was payable to Betterton or order, was negotiable by indorsement, and the assumption and agreement to pay it were meaningless, unless it had passed out of Betterton's hands, and the deed was therefore notice of that fact to all persons. The doing of all in the power of defendants to do, or in the language of the verdict, "the use of the diligence which a reasonably prudent man in defendant's situation would use to learn whether there was any incumbrance on the land in suit," would not relieve them of the consequence of said constructive notice.

The motion is overruled.

*Overruled.*

Writ of error refused.