## REEDER & LYNCH v. E. B. HAYES MA-CHINERY CO.   (No. 2832.)

(Court of Civil Appeals of Texas.   Texarkana.
Dec. 20, 1923.)

**I. Venue ⬅️16½—Same venue must control both actions to hold joinder valid as against plea of privilege.**

To hold a joinder valid as against a plea of privilege, the same venue must control both causes of action.

**2. Venue ⬅️16½—Suit to enjoin execution of judgment joined with action in tort improperly brought in county other than where judgment rendered.**

In view of Rev. St. art. 1830, § 30, which provides that, whenever venue is expressly prescribed, suit shall be commenced in county designated, where action in tort was joined with suit to stay execution of judgment rendered in another court in a different county, plea of privilege *held* properly sustained under article 1830, § 17, which provides that suit to enjoin execution shall be brought in the county where judgment was rendered.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by Reeder & Lynch, copartners, against the E. B. Hayes Machinery Company. From an order sustaining defendant's plea of privilege, plaintiffs appeal. Affirmed.

The appeal is from an order entered, before trial on the merits of the case, sustaining the appellee's (the defendant's) plea of privilege to the venue of the suit and ordering the case to be transferred to the county court of Harrison county to be tried. The suit was instituted in the county court of Bowie county by appellants, who are copartners, against appellee, a private corporation having its domicile in Harrison county. The petition predicated a claim for damages in consequence of an alleged fraud committed in Bowie county by alleged fraudulent representations and conduct on the part of appellee's agent and representative in the sale of and causing appellants to install a certain gristmill. The petition further alleged as follows:

"Plaintiffs further show to the court that for a part of the purchase price of said machinery and of the $50 in exchange of a grind rock, the said E. B. Hayes Machinery Company on May 2, 1922, in cause No. 471, styled E. B. Hayes Machinery Company v. J. L. Reeder and J. M. Lynch, recovered a judgment in the county count of Harrison county against J. L. Reeder and J. M. Lynch, plaintiffs herein, for the sum of $602.85 and cost of suit, amounting to $11.85; and on which judgment the plaintiffs here in the fall of 1922 paid the sum of $250. That notwithstanding the payment of said $250 on said judgment, the said E. B. Hayes Machinery Company on January 25,

1923, caused to be issued an execution on said judgment out of the county court of Harrison county commanding the sheriff of Bowie county 'of the goods, chattels, land and tenements subject to execution of the said J. L. Reeder and J. M. Lynch, jointly and severally, you cause to be made the sum $407.85 (the sum of $195 having been paid upon said 'original judgment), with 10 per cent. interest upon $357.85 and 6 per cent. interest upon $50 from March 10, 1922, and also the sum of $11.85 costs of suit, together with the further costs of executing this writ.' That the defendant has placed the execution, and he is now threatening and attempting, unless restrained, to forcibly seize and sell plaintiffs' property to the amount of $419.70 and the further costs of execution of the said writ, to plaintiffs' great damage and irreparable injury."

Then follows the prayer of the petition, reading:

"Wherefore plaintiffs pray for a writ of injunction restraining the sheriff of Bowie county, Tex., from executing said writ of execution and from seizing and selling plaintiffs' property by virtue thereof during the pendency of this suit. That defendants E. B. Hayes Machinery Company be cited to appear and answer this suit, and upon final hearing the plaintiffs have judgment against defendant for the sum of $500 actual damages, and for the sum of $300 exemplary damages and for all costs of suit. That plaintiff have judgment crediting said execution for the sum of $250 instead of $195 as the same is now credited, and that the remainder of said judgment of the E. B. Hayes Machinery Company be applied as a credit on the plaintiffs' judgment recovered in this suit in this court; and for such other and further relief, special and general, in law and in equity, to which plaintiffs may be justly entitled."

The court in vacation granted the writ of injunction, and it was served upon the sheriff in person before a levy was made.

The E. B. Hayes Machinery Company filed a plea of privilege praying that the case be transferred to the county court of Harrison county, and the court sustained the plea.

Johnson & Waters, of New Boston, for appellants.

Bibb & Caven, of Marshall, and R. M. Hubbard, of New Boston, for appellee.

LEVY, J. (after stating the facts as above).   The propositions stated in the appellants' brief present, in effect, the two points in view: (1) That the venue of appellants' suit was in Bowie county under both section 7 and section 24 of article 1830, R. S., because the alleged fraud was committed in Bowie county and the appellee is a private corporation; and (2) that section 17 of article 1830, R. S., has no application, because the injunction operated to restrain the sheriff from executing a given execution only because it was erroneous in amount, and in no wise to restrain the enforcement

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the judgment itself upon the issuance and levy of a proper execution under said judgment. The injunction was granted in terms restraining "all things as prayed for in the within petition." The petition therefore presents the question for consideration. The petition, properly construing it, was not entirely a suit for damages founded on a tort. The petition further sought to have the claim for damages for the alleged tort set off the judgment obtained in the county court of Harrison county due by the appellants to the E. B. Hayes Machinery Company. And there was sought an injunction to restrain the execution of the judgment in Harrison county upon the two grounds: (1) In order to correct an alleged excessive amount stated in the face of the writ; and (2) in order to arrest its enforcement for any amount against "plaintiffs' property" "during the . pendency of this suit," in order "that," quoting, "the remainder of said judgment of the said E. B. Hayes Machinery Company be, applied as a credit on the plaintiffs' judgment as recovered in this suit in this court." Then there is a joinder of two causes of action, a legal action for damages for a tort, and an equitable action to stay enforcement of a previous legally existing judgment in order to constitute it the basis of a set-off. If there are legal or equitable reasons sufficiently alleged to hold up and stay the enforcement of that original judgment, and we do not determine that question, then a cause of action is stated, with an injunction issued according to its terms, having for its object to stay the execution "of a judgment" rendered in another court in a different county. Thus the joinder which the appellants have vountarily elected to make, if permissible, operates to merge both causes, for damages for tort and for set-off of the Harrison county judgment, into one suit with the same plaintiffs and the same defendant.

[1, 2] The joinder forming, as it does, "a suit" of itself, in which county is the venue? Each cause has a separate place of trial according to the statute; and it is elementary that the same venue must control both causes in order to hold a joinder valid as against a plea of privilege. It is believed that under the statute a joinder, as here, would not be authorized unless the suit be determined in the county court of Harrison county. Section 17 of article 1830 expressly provides that a suit to enjoin "the execution of a judgment * * * shall be brought in the county in which such judgment was rendered." Also, article 4653, R. S. And section 30 of article 1830 specially provides that—

"Whenever, in any law authorizing or regulating any * * * character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

These articles are mandatory, and even, as held, jurisdictional to the courts. Baker v. Crosbyton South Plains Ry. Co., 107 Tex. 566, 182 S. W. 287. Therefore, and for these reasons, the articles relied upon by appellants do not control. We can only decide the question of venue; but it is suggested a serious legal reason exists against the maintenance of the suit, as pleaded.

The judgment is affirmed.