**VELA et al. v. SHACKLETT (No. 7874.)** *

Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1927.

Rehearing Denied Dec. 23, 1927.

1. **Executors and administrators** ⬡436—**Statute providing that suits against executors "may" be brought where estate is administered held not mandatory, although statute read "must" prior to 1925 revision (Rev. St. 1925, art. 1995).**

Rev. St. 1925, art. 1995, providing that suits against executors "may" be brought in county in which estate is administered, *held* not mandatory, notwithstanding contention that word "may" was substituted for "must" in 1925 revision and that codifiers had no power to change meaning or effect of former statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, May (In Statutes as Permissive or Mandatory).]

2. **Statutes** ⬡61—**That constitutional rule requiring reading of bills on three days was suspended in adopting 1925 revision held not to destroy presumption that Legislature proceeded deliberately in adopting it.**

That constitutional rule requiring each bill to be read on three several days was suspended

in adopting Revised Statutes of 1925 *held* not to destroy presumption that Legislature proceeded deliberately and with full knowledge of the consequences of its act in adopting the revision.

3. Executors and administrators ⬸436—That "may" was changed to "must" in venue statute revision held to conclusively show intention to make exception permissive and not mandatory (Rev. St. 1925, art. 1995).

The fact that the word "may" was changed to "must" in revising venue statute (Rev. St. 1925, art. 1995), providing that suits against executors may be brought in county where estate is administered, *held* to conclusively show an intention to change the exception from the mandatory to the permissive.

4. Statutes ⬸231—Courts should not question codifiers' authority in making plainly worded changes in statutes in 1925 revision.

Courts should not unsettle the force of changes made in Revised Statutes of 1925 by inquiring into the authority of the codifiers for the purpose of testing the meaning or effect of a plainly worded statute.

5. Husband and wife ⬸221—Mortgages ⬸434—Wife who joined husband in executing note and trust deed held proper, if not necessary, party defendant in suit to enforce them against husband's executors.

In suit to recover on note and to foreclose a deed of trust, wife who joined husband in executing note and trust deed *held* properly joined as defendant with husband's executors, regardless of whether it was necessary that she be joined.

6. Venue ⬸7—Suit on note and to foreclose trust deed held properly brought in county where note and interest thereon was payable (Rev. St. 1925, art. 1995).

Under the fifth exception to the Venue Statute (Rev. St. 1925, art. 1995), venue in suit on note and to foreclose deed of trust given to secure the note, *held* properly laid in county where it was provided both in trust deed and in note that the note and all interest thereon should be payable.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by McClellan Shacklett against Silveria Chapa de Vela and others, wherein the defendants filed a joint and several plea of privilege. From judgment overruling their plea of privilege, defendants appeal. Affirmed.

Graham & Graham, of Brownsville, for appellants.

Joseph Ryan, of San Antonio, for appellee.

SMITH, J. This suit was brought in Bexar county to recover upon a promissory note and to foreclose a deed of trust lien to secure said note.

The note and deed of trust were executed by Ramon Vela and wife, residents of Hidalgo county. Subsequently, and before this action was instituted, Vela died, leaving a will in which appellants were named as independent executors of Vela's estate, which was situated in Hidalgo county, where the will was probated and the estate is being administered by appellants. Two of the executors are residents of Hidalgo county and the other of Cameron county. It was expressly provided in the deed of trust, which was upon land situated in Hidalgo county, and in the note sued on, that the note and all interest thereon was payable in Bexar county, and this suit was accordingly instituted and prosecuted in that county, against the widow of the deceased testator and the executors of his estate. These defendants filed and urged a joint and several plea of privilege to be sued in Hidalgo county.

[1, 2] Appellant executors base their plea of privilege upon the sixth exception to the venue statute (article 1995, R. S. 1925), which provides:

"*Executors, Administrators, etc.*—If the suit is against an executor, administrator, or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

It is conceded that the suit is against appellants, as "executors," "to establish a money demand against the estate which" they represent, which estate is being administered in Hidalgo county, and the sixth exception is therefore available to appellants for whatever relief it entitles them to in the case.

Appellants concede, in effect, that the exception as now expressed in the statute is merely permissive, and is not mandatory, but contend that it is made mandatory by construction in connection with the former statute upon the subject. It is shown that prior to the revision of the statutes in 1925 this exception provided that such suits "must" be brought in the county in which the estate is being administered; whereas, in the revision the word "may" was substituted for the word "must." It is contended by appellants that under the law of their creation the codifiers had no power in their report to change the meaning or effect of the existing statutes, but only to clarify and simplify them, and that therefore their act in changing the exception from a mandatory to a permissive one was without authority and will not be given effect; that notwithstanding this change the revised exception must be given the same meaning and effect as the former exception; in short, that the present exception must be construed as being mandatory because it was so in the superseded statute, notwithstanding its plain effect as now written is merely permissive. We overrule this contention. The revision was adopted in its present form by solemn act of the Legislature, and it will be presumed that that body proceeded deliberately and with full knowl-

edge of the consequences of its act. The fact shown in the emergency clause of the act of revision, that the bill could not be publicly read in one day, or even in three days in compliance with the constitutional rule requiring each bill to be read upon three several days, does not, as appellant contends, destroy that presumption.

[3] We think it quite clear that the exception is permissive, and not mandatory. If there could be room for construction, as there often is where the word "may" is used in the sense here employed, it does not exist here, because the mere fact that the Legislature substituted the word "must," which is purely mandatory with the word "may," which is merely permissive, conclusively shows an intention to change the exception from the mandatory to the permissive.

[4] Regardless of the restrictions placed upon the codifiers by the act creating their offices, and of their authority to change the force or effect of the exception, the Legislature ratified and confirmed their report, and enacted the exception into law, and it should therefore be given effect as finally written into the statutes. In our opinion the courts should not unsettle the force of every change made in the revised statutes of 1925, by inquiring into the authority of the codifiers for the purpose of testing the meaning or effect of a statute so plainly worded as the exception in question.

By express language of the instruments sued on the principal and interest of the note were made payable in Bexar county, and venue of the suit was fixed by the fifth exception to the venue statute, in which it is provided that where a person contracts in writing to perform an obligation in a particular county, suit thereon may be brought in that county or in the county of his residence, unless defeated by the sixth exception already discussed. Appellee contends that when Vela and his wife individually executed the note the right to enforce payment in Bexar county was thereby fixed in the payee, and became, not only or merely a privilege, but a contractual right which could not be defeated by the subsequent intervention of appellants' claimed right to be sued in another county. In support of this contention appellee cites the cases of Allis-Chalmers Mfg. Co. v. Mitchell (Tex. Civ. App.) 283 S. W. 560, Id. (Tex. Com. App.) 291 S. W. 1099, and International Building & Loan Ass'n v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. Rep. 870. In the first case cited the status of the parties is unlike that of those in this case, but the Court of Civil Appeals said, generally, that—

"This provision in the notes as to the place of payment fixes the venue and becomes a part of the contract for the payment of the money. For that reason the fixed venue becomes a contractual right and not a mere privilege."

The facts in the other case cited also differ from those here, but the principles declared in that case are analogous to those here involved and appear to support appellee's contention. It does not seem to be necessary to pass upon appellee's contention, however, and we refrain from doing so.

[5, 6] Silveria Chapa de Vela, the wife of Ramon Vela, afterwards deceased, joined the latter in executing the note and deed of trust to enforce which this suit was brought. The plaintiff below brought this action against the executors of the estate of Ramon Vela, then deceased, and against the latter's widow, Silveria, who was joined as a party defendant in order that she might be concluded by the judgment rendered in the litigation. She filed and urged a plea of privilege to be sued in the county of her residence. Her plea was overruled, and of this action she now complains, upon the ground that she was not a necessary party to the suit. We conclude, however, that she was at the least a proper party to the suit, was properly joined as a defendant therein, and as the contracts sought to be enforced were by express terms made performable in Bexar county, venue of the suit as to her was properly laid in that county.

Appellants' propositions are therefore overruled, and the judgment is affirmed.