### STEVENS v. SOUTHERN ICE & UTILITIES CO.

No. 4006.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1931.

Rehearing Denied March 26, 1931.

Phillips, Trammell, Chizum, Price & Estes, of Fort Worth, for appellant.

Murphy W. Townsend and R. G. Scurry, both of Dallas, for appellee.

WILLSON, C. J.

The appeal is from an order overruling appellant's plea asserting a right he claimed to be sued in Morris county, where he resided, instead of in Dallas county, where appellee commenced and was prosecuting the suit. For the purpose of the appeal the parties agreed that the facts of the case were as follows: July 7, 1928, appellant shipped to appellee (a corporation), by rail from Morris county, 258 sacks of potatoes for storage by appellee in its warehouse in Dallas, and July 11, 1928, shipped to it 174 sacks of potatoes for a like purpose. The freight charges on the shipments, amounting in each instance to

$80.60, were paid by appellee, and to cover same appellant made and delivered to appellee his two promissory notes for $80.60 each, payable to appellee's order in Dallas. The suit was on these notes, and on an open account covering charges for storing the potatoes amounting to $503.16. The contention of appellee in its affidavit controverting appellant's plea of privilege was that it was entitled to maintain the suit in Dallas county by force of exception 5 to the prohibition in article 1995, Revised Statutes of 1925, against suing an inhabitant of this state out of the county in which he has his domicile. Said exception 5 was as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." Appellee's position in the matter is stated in the record to be that appellant "having given his two promissory notes in writing to pay freight charges advanced by appellee," all of the other items (quoting) "arising out of the storage of said potatoes by the plaintiff (appellee) likewise may be sued on by the plaintiff in Dallas County." Appellant's position is that his undertaking to pay the notes in Dallas county "was (quoting) separate and distinct and for a specific item only, and had no reference to his obligation to pay the storage charges; that such notes could not be construed as a written obligation of his to pay the sum sued for, that is $664.16, to the plaintiff in Dallas County."

Plainly, we think, appellant's undertaking to pay the notes was a separate and distinct obligation from his undertaking to pay the sum covered by the open account, and we would not for an instant hesitate to hold that the fact that the undertaking was to pay the notes in Dallas county did not entitle appellee to maintain the suit in that county so far as it was on the open account, but for the holding of the Supreme Court in Middlebrook v. Mfg. Co., 86 Tex. 706, 26 S. W. 935. In that case the suit was on three promissory notes— two of them by their terms payable in the county where the suit was brought (which was a county other than the one in which the defendant had his domicile) and the other one not so payable. It was held that the plaintiff could maintain its suit on the three notes in the county where the defendant had contracted in writing to pay two of them and that the trial court erred when he sustained the defendant's plea asserting a right he claimed to be sued on the other note in the county of his domicile. The court said: "Two of the notes being payable in the county in which action was brought, the suit was properly brought there; and, in order to avoid multiplicity of suits, it was proper to embrace in the same action the other note." The holding was approved by the Supreme

Court as now constituted when it adopted the answer of a Commission of Appeals to a question certified in Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S. W. 890, and we feel bound to treat it as decisive against appellant of the contention he makes.

The judgment is affirmed.