## KEY v. ALAMO NAT. CO.
### No. 9089.

Court of Civil Appeals of Texas. San Antonio.

June 21, 1933.

Rehearing Denied July 27, 1933.

E. B. & Howell Ward, of Corpus Christi, for appellant.

Templeton, Brooks, Napier & Brown and Harry Polk, all of San Antonio, for appellee.

SMITH, Justice.

E. B. Jackson and J. Roscoe owned a tract of land upon which they executed a deed of trust to secure their note, now held by appellee, Alamo National Company.

They sold the land to H. N. Key, who in turn sold it to G. L. Jacoby, who still owns the legal title to it.

In purchasing the land, both Key and Jacoby assumed the payment of said note, and in fact each of them paid a part of the indebtedness.

Upon default in the payment of the unpaid balance, however, appellee procured the sale of the property by the trustee acting under power conferred in the deed of trust.

The land did not bring the full amount of the debt, whereupon appellee brought this action upon the deficiency and to recover interest, attorney's fees, trustee's fees, accrued taxes, and costs of sale.

The suit was brought against Jackson and Roscoe, the original debtors and mortgagors, and Alma C. Key, individually and as independent executrix of the estate of H. N. Key, then deceased, and Jacoby, upon their several contracts of assumption.

The land is situated in Nueces county, where all the defendants reside, but the note in question was made payable in Bexar county, in which this suit was brought.

Alma C. Key, in both her individual and representative capacities, pleaded her privilege to be sued in Nueces county. The plea was granted to her individually, but denied to her as executrix, and upon the ensuing trial on the merits appellee recovered judgment against all the defendants (except Alma C. Key, individually), jointly and severally, for the amount of the deficiency, plus interest, attorney's fees, trustee's fees, accrued taxes upon the land, and costs of sale and suit. Execution was ordered against the defendants in the inverse order of their assumption, and Jackson and Roscoe recovered over against Mrs. Key as executrix. Mrs. Key, only, has appealed, in her representative capacity, and complains of the rulings upon her plea of privilege as well as upon the merits.

The pertinent statutory provisions relating to the venue questions here raised are contained in the following exceptions to the General Venue Statute (article 1995, R. S. 1925):

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

"29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. (Acts 1927, 40th Leg., 1st C. S., p. 197, ch. 72, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a])."

"6. Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

"30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

It must be conceded that the suit was properly maintainable in Bexar county against the defendants other than appellant, because of the contractual obligation resting upon them to pay the note in question in that county, as provided in the fifth exception to the venue statute, quoted above.

And the suit being properly maintainable against some of the defendants in Bexar county, it is likewise maintainable there against all other "necessary" parties defendant in the suit, regardless of their places of residence, as provided in section 29a, unless the latter exception is subordinate to the sixth exception, concerning executors, administrators, or guardians.

Prior to the revision of the statutes in 1925, subdivision 6 of the venue statute (Rev. St. 1911, § 1830), provided that suits for money judgments against executors, etc., "must" be brought in the county in which the estate sought to be charged is situated, and the courts held that such exception was mandatory and, under the provisions of subdivision 30, controlled over the provision of subdivision 5, that suits upon written contracts may be brought in the county where such contracts are performable. Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 980; Vela v. Shacklett (Tex. Civ. App.) 1 S.W.(2d) 670.

In the revision of 1925, however, the word "may," in the sixth exception, was substituted for the word "must," whereby the exception was made permissive rather than mandatory, as theretofore. Vela v. Shacklett, supra.

In an appeal from a judgment on the merits in the same case, writ of error was granted [(Tex. Civ. App.) 1 S.W.(2d) 672], and, possibly with some significance, upon the notation, "granted on the venue question." In affirming the judgment on the merits, however, the Commission of Appeals expressly declined to pass upon the venue question, upon the ground that it had been settled in a judgment which became final in this court. Vela v. Shacklett (Tex. Com. App.) 12 S.W. (2d) 1007.

In the case first cited [Vela v. Shacklett, 1 S.W.(2d) 670] it was expressly held that the executrix of the estate of a deceased maker of a promissory note payable in Bexar county was properly suable in that county, notwithstanding she was a resident of another county and had properly pleaded her privilege to be sued there. That holding was made to rest upon the premise that, under the modified language of subdivision 6 of the Venue Statute, that exception no longer dominated subdivision 5, but was permissive, only, and merely enlarged the option of the plaintiff in such suit to maintain the same under either of those exceptions. We see no reason why the rule there applied to executors of the estates of deceased makers of notes should not by like token apply to the executors of decedents who assumed such notes.

■ We are of the opinion, further, that appellant was properly sued in Bexar county along with the remaining defendants who were unquestionably suable in that county, she being a "necessary" party to the suit, within the contemplation of subdivision 29a of the Venue Statute. Commonwealth Bank & Trust Co. v. Heid Bros. (Tex. Com. App.) 52 S.W.(2d) 74; Citizens' Nat. Bank v. U. S. Bond & Mortgage Co. (Tex. Civ. App.) 48 S.W. (2d) 676. We overrule appellant's objections to venue, embraced in her first and second propositions.

Passing to the merits of the case, the following general rules are deemed applicable to and decisive of the several questions raised by appellant. These rules are ascertainable, or deducible, from a great mass of authorities, some of which will be cited following the statement of the rules now to be made.

■ The assumption, by the purchaser of land, of payment of a mortgage note thereon, inures to the benefit of the holder of the note, to whom the purchaser thereby becomes primarily liable.

■ If the purchaser in turn sells the land and his grantee assumes the payment of said note, then as between themselves the latter assumes the position of principal obligor and the former becomes his surety.

But, in any event, both remain primarily liable, jointly and severally, to the holder of the note, who is entitled to the benefit of all collateral obligations which attach to the original as it passes through successive purchasers.

■ In a suit by the holder of the note he may have foreclosure against the land and joint and several judgment for the amount of the debt against the original maker of the note as well as those who subsequently assume to pay it.

■ Execution upon such judgment should issue against the defendants in the inverse order of their assumption.

■ And the original obligor is entitled to judgment over against his vendee who assumes, who is in turn entitled to judgment over against his vendee who assumes, and so on through successive assuming vendees.

■ These several liabilities are enforceable alike by direct suit upon the debt and for foreclosure, or by suit upon a deficiency resulting from sale by trustee acting under power conferred by deed of trust, which latter remedy was pursued in this case.

The subvendees' liabilities are the same, whether enforced by direct suit to foreclose or by suit after sale by trustee under the powers conferred by deed of trust.

■ Acceptance of the assumpsit by the lienholder, if essential to the latter's right to hold the intermediate purchaser, may be evidenced by impleading the latter in the first instance, or by notice to him of the sale in the second.

■ The contract of assumption is made binding upon the purchaser by his acceptance of the deed of conveyance embracing the assumpsit, and his signature to such conveyance is not essential to render the contract effectual.

■ And upon the death of the purchaser during the life of the contract his rights pass unimpaired and in full force to his heirs and representatives, and his liabilities, undiminished by his decease, may be enforced against his estate.

The foregoing conclusions are eked out of the mass of authorities upon the subject in this state, and upon those conclusions we overrule appellant's third and fourth propositions. Jones on Mortgages (7th Ed.) §§ 740, 741, 749, 752, 762; Spann v. Cochran & Ewing, 63 Tex. 240; Taylor v. Williams, 101 Tex. 388, 108 S. W. 815; Ward v. Green, 88 Tex. 177, 30 S. W. 864; Wiener v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867; Mathonican v. Scott & Baldwin, 87 Tex. 396, 28 S. W. 1063; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Allen v. Traylor (Tex. Com. App.) 212 S. W. 945; Middleton v. Nibling (Tex. Civ. App.) 142 S. W. 968; Vela v. Shacklett (Tex. Civ. App.) 1 S.W.(2d) 670; Slay v. Gose (Tex. Civ. App.)

233 S. W. 348; Beals v. Johnston (Tex. Civ. App.) 256 S. W. 646; Edwards v. Beals (Tex. Com. App.) 271 S. W. 887; McGinty v. Dennehy (Tex. Civ. App.) 2 S.W.(2d) 546; Id. (Tex. Com. App.) 13 S.W.(2d) 68; Smith v. Farmers' Loan & Trust Co., 21 Tex. Civ. App. 170, 51 S. W. 515; Powers v. Smith, supra; Pickett 'v. Jackson (Tex. Civ. App.) 42 S. W. 568.

 In the deed embracing the contract of assumption by Key, appellant's testator, it was provided that the consideration for the conveyance to Key was $3,000 cash, "and the assumption and agreement to pay by the said Harry N. Key of the following described notes, to wit:

"1. (Describes note not involved in this suit).

"2. One (1) promissory note dated May 19, 1926, in the principal sum of Four Thousand Seven Hundred Fifty and no/100 ($4,750.00) Dollars due May 19, 1931, * * * bearing interest at the rate of eight (8%) per cent per annum, payable semi-annually as it accrues which said note is further secured by Deed of Trust executed by E. B. Jackson and wife, Edith Jackson and J. Roscoe. * * *" —reference being there made to the record of said deed of trust. The note was in conventional form, with the usual acceleration and attorney's fee clauses, and its terms and provisions were described in the deed of trust referred to in the assumption clause of the conveyance to Key. Now, in this connection, it appears that appellee recovered judgment against appellant, not only for the principal, interest, and attorney's fees provided for in the note, but also recovered the amount of taxes which had accrued against the land (and had been paid by appellee) up to the time of the sale, as well as for the costs of the trustee's sale, including the trustee's commission for making the sale. It was provided in the deed of trust that, in case of default of the grantor in the payment of taxes on the land, the cestui que trust was authorized to pay same, and, in case of default in the payment of the note, the trustee was authorized to sell the land, and in those events the amount of taxes so paid should become a charge against the land, as would also the trustee's fee and costs of sale. But there was no express provision in Key's contract of assumption whereby he agreed to pay those items, nor can such assumption be implied, and the judgment in that respect must be reversed. Elgin v. Banks (Tex. Civ. App.) 38 S.W.(2d) 149; Powers v. Smith (Tex. Civ. App.) 29 S. W. 416, 417.

As the items deductible (under the above holding) from the judgment rendered are not segregated from those properly recoverable, or the interest charges thereon adjusted, there is no formula by which the judgment may be here reformed. Accordingly, the judgment will be reversed, and the cause remanded, at the cost of appellee.

On Motion for Rehearing.

Appellee submits, and appellant does not criticize, a certain formula by which it appears that the taxes paid and trustee's fees charged against the proceeds of the sale of the land aggregated the sum of $926.06, which, under the holdings in the original opinion, should be deducted from the judgment rendered against appellant. Appellee has offered a remittitur of the amount of the tax item, while objecting to the deduction of the item of trustee's fee. We adhere to the original holding, however.

Accordingly, the judgment against appellant will be reformed so as to deduct the sum of $926.06 therefrom, and, as so reformed, will be affirmed, at the cost of appellee.