## WOLCOTT v. HALL.
### No. 1729.

Court of Civil Appeals of Texas. Eastland.
Dec. 10, 1937.

Rehearing Denied Jan. 14, 1938.

D. M. Oldham, Jr., of Abilene, for appellant.

Morrison & Morrison, of Big Spring, for appellee.

GRISSOM, Justice.

The appellee, G. T. Hall, filed this suit in the district court of Howard county, Tex., against the appellant, Emma Nicholson Wolcott, individually and as the independent executrix of the estate of her deceased husband, E. R. Wolcott. The suit was for debt evidenced by four notes and to foreclose deed of trust liens securing their payment. Mrs. Wolcott filed a plea of privilege asserting her right to be sued in Martin county, the county of her residence and the county wherein she qualified as independent executrix of the estate of E. R. Wolcott, deceased. She also filed a plea in abatement asserting a misjoinder of causes of action and parties defendant. The pleas in abatement and privilege were overruled and she has appealed.

Note No. 1 was for the principal sum of $10,000 and payable to the Texas Land & Mortgage Company, Ltd., at Dallas, Tex. The unpaid portion of said note had prior to the institution of this suit been purchased by and assigned to the appellee. It was signed by E. R. Wolcott and the appellee. Its payment was secured by a deed of trust on five tracts of land situated in Martin county, signed by Wolcott and wife.

Note No. 2 was for $13,500 and was payable to appellee at Big Spring, Tex. It was signed by E. R. Wolcott only. It was secured by a deed of trust on land in Martin county.

Note No. 3 was for the principal sum of $3,800. It was signed:
"Emma N. Wolcott
"Emma Nicholson Wolcott."

It was payable to appellee at Big Spring, Tex. Payment thereof was secured by a deed of trust on three tracts of land in Martin county, Tex., and being three of the five tracts of land described in the deed of trust to secure the payment of note No. 1. The deed of trust was signed:
"Emma Nicholson Wolcott, Individually
"Emma Nicholson Wolcott, Independent
　　Executrix of the estate of E. R. Wolcott, deceased."

Said deed of trust recited, among other things, (1) the execution of the deed of trust to secure the payment of note No. 1 and that the principal amount of said loan had been reduced to approximately $6,000; (2) the execution of the deed of trust to secure the payment of note No. 2; (3) that E. R. Wolcott was dead, and his will had been duly probated in Martin county, Tex., to the record of which reference was made, and further that appellant was by the terms

of said will "made and is independent executrix thereof without bond"; (4) that devises made in the will were made subject to the payment of debts and charges against the estate and that the deeds of trust executed to secure the payment of notes Nos. 1 and 2 "now evidence a valid and subsisting indebtedness against the said estate"; (5) that appellant neither individually nor as executrix had been able to pay interest on said indebtedness for two years, or taxes on said land, and that in order to protect said properties it was necessary to expend money on improvements, and to preserve said property and protect the livestock on the land, and that the amount of money required for said purposes amounted to $3,-800; that appellee had agreed to loan to appellant individually and as independent executrix said amount for said purposes. Appellant in both capacities agreed with appellee that he in making interest payments on said loan and the payment of taxes should be subrogated to the rights of the parties to whom such payments were made.

Note No. 4 was for the principal sum of $200, payable to appellee at Big Spring, Tex., and was signed "Emma Nicholson Wolcott." The deed of trust executed to secure its payment was signed:

"Emma Nicholson Wolcott, individually

"Emma Nicholson Wolcott, independent executrix of the estate of E. R. Wolcott, deceased."

It recited. a lien upon the same three tracts of land. upon which a deed of trust was executed to secure the payment of note No. 3, and which, as before stated, were three out of the five tracts included in the deed of trust executed to secure the payment of note No. 1, payable at Dallas, Tex. The deed of trust contained like provisions as those contained in the deed of trust securing note No. 3. All of the mentioned instruments were introduced in evidence by appellee upon the trial of the plea of privilege.

Appellant, in her brief, says that the sole question for our determination is whether or not, to prevent a multiplicity of suits, the four notes can be combined in one suit and venue laid in Howard county, Tex.

Appellant's first proposition is to the effect that under article 1995 no inhabitant of this state may be sued out of the county in which he has his domicile, except in certain cases. Subdivision 5 of said article, as it existed prior to its amendment in 1935, is then quoted.

Appellant's proposition No. 2 consists of a quotation of subdivision 4 of article 1995, appellant evidently depending on that portion of the subdivision of said article which reads as follows: "The transfer or assignment of a note * * * shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

It is thought that such provision has no proper application to the situation here disclosed. The right to bring suit in Howard county on note No. 1, payable in Dallas county, does not arise by reason of the assignment to appellee, a resident of Howard county. Such right exists, if at all, because of the public policy to avoid a multiplicity of suits by permitting its joinder in a suit upon notes executed by appellant payable in Howard county.

In Citizens' Nat. Bank of Waco v. Del Rio Bank & Trust Co., Tex.Civ.App., 11 S.W.2d 242, 243, Judge Fly in discussing a similar contention said:

"Under the construction of that exception presented by appellant, no negotiable paper of a bank could be sued on except in the county of the domicile of the bank or other party executing a note, check, or other negotiable paper, and such construction would greatly hamper and impair commercial transactions. The statute, we believe, should not be so construed. The provision under consideration was undoubtedly intended to prevent fraud in the assignment of ·claims so as to give jurisdiction in a certain county."

"The purpose of this provision, which was added in 1913, is to prevent the application of subdivision 4 to suits based on notes or choses in action brought by a subsequent holder under transfer or assignment thereof, such subsequent holder being thereby denied the right to institute suit in any county other than the county in which such suit could have been prosecuted if no assignment or transfer had been made." 43 Tex.Jur. pp. 770, 771.

Also, see, People's State Bank of Ranger v. National Bank of Commerce of Houston, Tex.Civ.App., 267 S.W. 992, 995.

We think the quoted portion of subdivision 4 is applicable only when venue is claimed under the provisions of subdivision 4.

Appellant's propositions 3 and 4 consist of subdivisions 6 and 30 of article 1995, reading as follows:

Subdivision 6: "If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

Subdivision 30: "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Subdivision 6, prior to 1925, provided that suits against an executor or administrator to establish a money demand against the estate "must" be brought in the county in which the estate was being administered. In the preparation of the 1925 revision of the statutes, the codifiers substituted "may" for "must" and as so changed the statutes were adopted. If it be material which word is used in a purely venue statute, then we call attention to the fact that, as so changed, subdivision 6 has been held to be merely permissive and not mandatory. Vela v. Shacklett, Tex.Civ. App., 1 S.W.2d 670, 672; Key v. Alamo Nat. Co., Tex.Civ.App., 62 S.W.2d 1002.

The case of Stevens v. Willson, Chief Justice, et al., 120 Tex. 584, 586, 39 S.W.2d 1088, 1089, opinion by Justice Sharp, we think, is decisive of the controlling question in this case. In that case the plaintiff filed suit in Dallas county against a resident of Morris county upon two notes executed by said defendant, payable to plaintiff at Dallas, Tex., and joined with said suit on said notes an action to recover on an open account for a much larger sum than the amount of the notes. It was the contention of the plaintiff that it was entitled to maintain the suit in Dallas county by virtue of subdivision 5 of article 1995. The defendant insisted that subdivision 5 did not authorize a suit against him in Dallas county upon the open account because said open account was not payable in Dallas county, and it was separate and distinct, and had no reference to the obligation evidenced by the notes. The Court of Civil Appeals, Stevens v. Southern Ice & Utilities Co., 37 S.W.2d 240, 241, said: "Plainly, we think, appellant's undertaking to pay the notes was a separate and distinct obligation from his undertaking to pay the sum covered by the open account", but, the court held that the combined suit on the notes and open account was maintainable in Dallas county, under subdivision 5 and public policy to prevent a multiplicity of suits, under the decision of the Supreme Court in Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935. (See opinion of Court of Civil Appeals in Stevens v. Southern Ice & Utilities Co., 37 S.W.2d 240). The case came before our Supreme Court upon an application for a writ of mandamus to compel the judges of the Court of Civil Appeals to certify the question to the Supreme Court whether its decision was in conflict with other decisions of Courts of Civil Appeals and the Supreme Court. The relator relied upon many of the decisions now relied upon by appellant, to wit, Reeder v. Hayes Mach. Co., Tex.Civ.App., 257 S.W. 947, First Nat. Bank v. East, 17 Tex.Civ.App. 176, 43 S.W. 558, and Altgelt v. Harris, Tex.Sup., 11 S.W. 857. The application was denied and the court said: "The two notes sued upon being payable in Dallas county, the suit was properly brought there, and in order to avoid a multiplicity of suits it was proper to embrace in the suit with the two notes the amount stated in the open account. The correct rule is announced by the Supreme Court in the case of Middlebrook v. Bradley Mfg. Co., supra, and that opinion is followed and approved in the case of Warner v. Gohlman, Lester & Co. [117 Tex. 145, 298 S.W. 890], supra." Middlebrook v. Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890; Id., Tex.Civ. App., 8 S.W.2d 1049; Mutual Federal Sav. & Loan Ass'n v. Anderson, Tex.Civ.App., 88 S.W.2d 499; Landa v. Ainsa Co., Tex. Civ.App., 231 S.W. 175.

Applying the rule so announced by our Supreme Court to the facts of the instant case, we hold that the suit against appellant upon some of the notes upon which this suit is based being properly brought and maintainable in Howard county under subdivision 5, article 1995, because payable there, the fact that note No. 1 was not itself payable in Howard county, but in Dallas county, does not affect the venue question, since, to prevent a multiplicity of suits, the cause of action on the note payable in Dallas county may properly be joined in the suit on the notes executed by appellant payable to appellee in Howard county.

We, therefore, conclude that the district court did not err in overruling the appellant's plea of privilege. The judgment of the district court is affirmed.