S. H. HAILE, Appellant,

v.

AMARILLO NATIONAL BANK, et al.,
Appellees.

No. 6527.

Court of Civil Appeals of Texas. Amarillo.

Oct. 17, 1955.

Simpson, Clayton & Fullingim, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, and Stone & Stone, Amarillo, for appellees.

PITTS, Chief Justice.

This is a companion case to another suit immediately preceding this one serially between the same parties reported in Tex. Civ.App., 283 S.W.2d 276. They were heard jointly in the trial court and appealed on the same statement of facts but separately appealed on different transcripts with separate briefs filed. The controlling points presented here are identical with those presented in the other companion case referred to and the principles of law there applied determine the controlling questions here presented. Consequently we refer to the opinion handed down today in that case for determining the controlling issues here presented.

However there is one additional issue determined in this case, but it does not appear to be a controverted issue, except as it depends upon the determination of other controlling issues presented. In this case the original borrowers and makers of the note, Beauford Hill and wife, Wanda Jo Hill, were made party defendants to this suit. They answered but also pleaded a cross-action over and against defendant Haile as the primary obligor on the note in case of appellee's recovery.

Among its findings and conclusions filed herein at the request of appellant, the trial court found and concluded that Wanda Jo Hill, being a married woman, was not liable on the note, but under the record appellant, Haile, and appellee, Beauford Hill, were jointly and severally liable to appellee for the balance due on the note, including interest and attorney fees therein expressed, but that appellant, Haile, having assumed payment of the note, was primarily liable, and appellee, Beauford Hill, was secondarily liable thereon, and entitled to judgment on his cross-action over and against appellant, Haile, for the amount of the judgment appellee obtained against him. The trial court rendered judgment accordingly.

In our opinion the trial court under the record presented properly found and concluded that appellant, by assuming payment of the note, placed himself in appellee Hill's original position and thereby became the principal on the note with appellee Hill as surety thereon. Such is the legal effect of such an assumption. 7 C.J.S., Assume, p. 105; Key v. Alamo Nat. Co., Tex.Civ.App.,

62 S.W.2d 1002; Maier v. Thorman, Tex. Civ.App., 234 S.W. 239.

For the reasons stated appellant's points of error are overruled and the judgment of the trial court is affirmed.